## MATHIAS GAUTHIER'S CASE.

### Penobscot.　　Opinion March 25, 1921.

*Upon the happening of an industrial accident the right to receive compensation
becomes vested, and the obligation to pay it fixed.　To change such vested rights
and fixed obligations by statute would be to impair the obligation of contracts,
and thus to contravene both the State and Federal Constitutions.
The Industrial Accident Commission while primarily an adminis-
trative body exercises certain judicial functions.　Its find-
ings must be based on evidence.　The statute so com-
mands, but this would be true if there were no such
statutory mandate.*

### WORKMEN'S COMPENSATION CASE.

The accident to the petitioner occurred April 23rd, 1918.　Soon after this an
agreement as to compensation was made and filed with the Industrial Acci-
dent Commission but not approved.

Compensation was paid until Jan. 19, 1920 and then suspended.　The pend-
ing petition was filed more than two years after the accident occurred.　The
commissioner's decree was in favor of the petitioner awarding compensa-
tion according to the rule established by Chapter 238 of the Laws of 1919.

*Held That:—*

(1)　The claim is not barred by limitation.

(2)　The petition does not conform to the statute, but the petitioner not
having been prejudiced or misled by any failure or omission in the petition,
the decree is not to be reversed for this reason.

(3)　Upon the happening of an industrial accident the right to receive com-
pensation becomes vested, and the obligation to pay it fixed.　To change
such vested rights and fixed obligations by statute would be to impair the
obligation of contracts, and thus to contravene both the State and Federal
Constitutions.

The accident to the petitioner occurred before the passage of the Workmen's
Compensation Act of 1919.　The commissioner having applied the statute
of 1919 in determining compensation, his decree would be modified by the
court to conform to the law in force at the time of the accident, were it not
that for a further reason the decree must be reversed.

(4)　The Industrial Accident Commission while primarily an administrative
body exercises certain judicial functions.　Its findings must be based on evi-
dence.　The statute so commands, but this would be true if there were no
such statutory mandate.

In this case the commissioner's decree is expressly based in part upon recitals of alleged facts that do not appear in evidence.

Findings of the commission on questions of fact are final and conclusive. It should go without saying that such final findings must be founded upon evidence produced under such circumstances as to give to both parties a full opportunity for explanation and refutation.

(5)    When a new or modified decree involves the weighing of conflicting testimony it becomes necessary to remand the case to the Industrial Accident Commission, upon which tribunal the statute casts the responsibility of weighing evidence and of determining facts upon such evidence.

On appeal from a decision of the chairman of the Industrial Accident Commission. On April 23, 1918, Mathias Gauthier, petitioner, while in the employment of the Penobscot Chemical Fibre Company, respondent, suffered a broken leg by accident arising out of and in the course of such employment. Under an agreement compensation was paid from date of injury to Jan. 20, 1919. Petitioner returned to work, but his injury grew no better, and on Jan. 19, 1920, his leg was amputated. On Oct. 13, 1920, the chairman of the Industrial Accident Commission, upon a new petition, dated May 31, 1920, decreed compensation of $11.15 per week from Oct. 2, 1919 to Jan. 19, 1920, less certain payments, for total incapacity, and decreed specific compensation at the same rate for 150 weeks beginning Jan. 19, 1920, for loss of the leg. From which findings respondent appealed. Appeal sustained. Decree reversed. Case to be recommitted for further proceedings.

The case is fully stated in the opinion.

*George H. Morse*, for petitioner.

*Andrews & Nelson, Eben F. Littlefield, and W. T. Gardiner*, for respondents.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J. The record shows that on April 23rd, 1918 the petitioner Mathias Gauthier of Old Town suffered a broken leg as the result of an accident arising out of and in the course of his employment by Penobscot Chemical Fibre Company.

Under an agreement filed with, but not approved by, the Industrial Accident Commission, compensation was paid from the date

of the injury to Jan. 20, 1919. Then payment of compensation was discontinued, such discontinuance being impliedly approved by decree signed by Chairman Dutton dated May 17, 1919.

The petitioner returned to work, but his condition apparently grew worse and on Jan. 19, 1920 his leg was amputated.

The petition now under consideration is dated May 31, 1920. Upon this petition Chairman Thayer by decree dated Oct. 13, 1920, ordered payment of compensation for total incapacity of $11.15 per week from Oct. 2, 1919 to Jan. 19, 1920, less certain payments, and, for loss of the leg, specific compensation at the same rate for 150 weeks beginning Jan. 19, 1920. This weekly allowance is, conforming to the act of 1919, on the basis of three-fifths of the petitioner's average weekly wage.

From a decree of a Justice of the Supreme Judicial Court, rendered in accordance with the chairman's decision, an appeal is taken. The grounds of appeal urged before this court are these:—

1. That the claim is barred by limitation. Except that under Section 17 certain conditions precedent are required to be performed within periods therein limited, no breach of which conditions is in this case complained of, the only limitations affecting petitions under the Workmen's Compensation Law are found in Sections 36 and 39.

Section 36 applies only to reviews in cases wherein agreements have been approved or decrees fixing compensation entered. In the pending case no agreement has been approved and no decree has been entered "fixing compensation" except the decree of May 31, 1920 which is the subject of this appeal.

Section 39 relates to original petitions which under Section 39 may be filed by either employee or employer. Section 39 provides in effect that in the absence of an agreement between the parties, an original petition must be filed within two years.

An agreement may however be filed within the same period. If approved no original petition is necessary or appropriate. The remedy if any needed by reason of changed conditions or otherwise must be by application for review. If refused approval or if unapproved, (as in this case) an original petition is obviously the appropriate remedy, and no time is limited for its filing. Doubtless a limitation was deemed by the Legislature unnecessary in view of the mutuality of the right to invoke the remedy.

2. That the petition is defective in form, not being sufficient "to apprise respondent of the nature of the claim made therein."

This point is well taken. The petition should give the defendant, howsoever informally, the information within the contemplation of R. S., Chap. 50, Sec. 30. In this case the petition does not conform to the requirements of Section 30.

However the case was apparently fully heard. The defendants asked no further time or opportunity for investigation or for the production of further evidence. It not appearing that the petitioner acted contumaciously, or that the defendants were misled or prejudiced by any fault or omission in the petition we should not for this reason alone reverse the decree.

3. That the chairman erroneously applied to the case Chapter 238 of the laws of 1919, and thus awarded larger compensation than was provided by the law in force when the accident occurred.

It is contended that Chapter 238 of the laws of 1919 by its terms applies to all injuries by industrial accidents occurring after Jan. 1, 1916, this being necessarily implied from Section 49 which expressly negatives its application to accidents of earlier dates, and further that by Section 50 the Workmen's Compensation Statute in force in 1918 was wholly repealed without any clause saving rights previously accrued.

For these reasons it is claimed that Chapter 238 of the Laws of 1919 must be held to be retroactive.

If such be the intention of the act it cannot under the plain provisions of both the Federal and State Constitutions be given that effect so far as concerns rights and obligations which accrued before its passage. Our Workmen's Compensation Law is elective. Rights and obligations under it are contractual.

*Mailman's Case,* 118 Maine, 172.

Upon the happening of an industrial accident the right to receive compensation becomes vested, and the obligation to pay it fixed. To change such vested rights and fixed obligations by statute would clearly be to impair the obligation of contracts.

The procedure may be changed if a substantially equivalent remedy remains; but contractual rights that have become vested remain unaffected by the repeal of an old, or the enactment of a new statute.

A few of the many cases through which this principle of constitutional construction has become embedded in the law are,—

*Proprietors* v. *Laboree,* 2 Maine, 275; *Palmer* v. *Hixon,* 74 Maine, 448; *Phinney* v. *Phinney,* 81 Maine, 450; *Sturges* v. *Crowninshield,* (U. S.) 4 Wheaton, 122; *McCracken* v. *Hayward,* (U. S.) 2 How., 608.

To the point that the repeal of a statute does not destroy or impair, but preserves and protects vested contractual rights based upon it, see *Steamship Co.* v. *Joliffe,* (U. S.) 2 Wall., 450; *Maine* v. *Bank,* 68 Maine, 515; *Swan* v. *Kemp,* (Md.) 55 At., 441; *K. of A.* v. *Logsdon,* (Ind.), 108 N. E., 592.

In the following cases arising under Workmen's Compensation Laws the principle has been applied to facts in effect parallel to those in the case at bar. *Schmidt* v. *Baking Co.,* (Conn.), 96 Atl., 963; *Collwell* v. *Bedford Co.,* (Ind.) 126 N. E., 439; *Baur* v. *Court of Common Pleas,* (N. J.) 95 Atl., 627.

Two cases are cited which at first blush might seem to be at variance with our conclusion.

*Talbot* v. *Ind. Commission* (Wash.) 183 Pac., 84; *Carlson* v. *Dist. Court,* (Minn.), 154 N. W., 661.

But in neither of these cases is the effect of the constitutional limitation passed upon, or so far as appears, presented for the consideration of the court.

The learned counsel for the petitioner submits these cases, but with commendable frankness, admits that the judicial authorities almost if not quite universally sustain the principle of constitutional construction which we have adopted.

The error which we have pointed out is one of law which the court might correct by modifying the decree. For another reason however, the decree must be reversed.

4. That the decree is based in part upon alleged facts, recited in the commission's findings, which do not appear in evidence.

That the amputation of Gauthier's leg was a necessary result of the accident is disputed. This important issue is found in favor of the petitioner. The decree runs thus:

"In view of the fact that Mr. Gauthier consulted several of the leading physicians and surgeons in Bangor and vicinity, all of whom advised amputation, and the further fact that two representatives of the insurance company had discussed the matter with

the commission and one at least acquiesced in the amputation, and in view also of the testimony of Drs. Simmons and Marquis, it is found that the amputation was necessary, and that it became necessary as a direct result of the accident to Mr. Gauthier, April 23, 1918."

Drs. Simmons and Marquis testified at the hearing. Counsel for the defendants cross-examined them and had the opportunity of disputing and refuting their testimony. But the other considerations "in view of" which the finding is made, are not supported by any evidence in the case.

The Industrial Accident Commission while primarily an administrative body exercises certain judicial functions. *Reck* v. *Whittlesberger*, (Mich.), 148 N. W., 247.

In the exercise of these functions it acts judicially. While it determines finally the trustworthiness and weight of testimony its findings must be based on evidence. This would be true even if there were no express statutory mandate.

Moreover the statute requires that the merits of the controversy be decided "from the evidence thus furnished" R. S., Chap. 50, Sec. 34.

From the commission's findings of fact there is in the absence of fraud, no appeal.

It should go without saying that such final findings must be grounded upon evidence presented under such circumstances as to afford full opportunity for comment, explanation and refutation. In re *Sponatski*, 220 Mass., 528; *Reck* v. *Whittlesberger* supra; *Int. Harvester Co.*, v. *Ind. Commission*, (Wis.), 147 N. W., 56; *Pacific Co.* v. *Pillsbury*, (Cal.), 153 Pac., 24; *Westman's Case*, 118 Maine, 133; *Mailman's Case*, 118 Maine, 172.

It is true that our statute authorizes certain medical testimony to be taken ex parte. R. S., Chap. 50, Sec. 21. But it is not to be made the foundation of a decree until it is "produced in evidence" so that either party may have an opportunity to explain or contradict it.

If it were the duty of this court to decide the facts, we might say that the testimony of Drs. Simmons and Marquis is sufficient to justify the finding.

But the trier of facts may not regard this evidence as sufficient. Thus a situation is created which is not provided for by the statute.

Section 34 says that,—"the law court may after consideration reverse or modify any decree made by a justice based upon an erroneous ruling or finding of law."

Authority to re-commit to the commission is not expressly given by statute, but is under some circumstances necessarily implied. *McKenna's Case*, 117 Maine, 181; *Maxwell's Case*, 119 Maine, 506.

The law may determine the extent and limits of a required modification; and likewise the precise terms of a new decree made necessary by a reversal. In such cases there need be no recommitment. But when a new or modified decree involves the weighing of conflicting testimony, it becomes necessary to remand the case to that tribunal upon which the statute casts the responsibility of weighing evidence, and of determining facts upon such evidence.

In the pending case the commission's application of the law of 1919 requires a modification, the precise extent of which may be determined as a matter of law. But whether the elimination of the extrinsic matters upon which the decree is in part founded, leaves enough competent evidence to sustain the petitioner's burden of proof, depends upon conflicting testimony the preponderance of which, to give effect to the statute, must be determined by the commission. *Laciones Case*, 227 Mass., 272.

We do not need to say that if further evidence is to be produced a recommittal is essential. *McKenna's Case, supra.*

The decree must be reversed and the case recommitted.

Commission to make new decree based on legal evidence in present record, or if deemed necessary, to hold further hearing. If new decree is for petitioner compensation to be assessed in accordance with law prevailing at date of accident.

*Appeal sustained.*
*Decree reversed.*
*Case to be recommitted for*
*further proceedings.*