## P. J. CARLIN CONSTRUCTION CO. ET AL. *v.* HEANEY ET AL.

No. 9. Argued October 13, 1936.—Decided November 9, 1936.

*Mr. Elmer C. Sherwood* for petitioners.

*Mr. Henry Epstein,* Solicitor General of New York, with whom *Mr. John J. Bennett, Jr.,* Attorney General, and *Messrs. Joseph A. McLaughlin* and *Roy Wiedersum,* Assistant Attorneys General, were on the brief, for respondents.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Seeking an award for injuries received in the course of his employment respondent, Heaney, instituted this proceeding before the New York State Industrial Board against his employer, P. J. Carlin Construction Company, and its insurance carrier, The Travelers Insurance Company, petitioners here. The Board granted an award; the Appellate Division and the Court of Appeals approved.

In September, 1932, the Construction Company, general contractor with principal place of business in New York City, was engaged in building operations on Rikers Island in East River. Respondent and others employed about the work crossed daily from New York City on the "Observation," a steamboat owned by Captain Forsythe. They paid for this service.

The owner operated the vessel in pursuance of an agreement with the Construction Company which provided: "You are hereby licensed to operate a ferry service for the transportation of the men engaged upon the construction of the Rikers Island Penitentiary Building." "You are to be compensated therefor by collecting fares from the men at the rate of 10 ¢ a round trip. In the event that your fares do not reach the sum of $60.00

upon any given day, we shall reimburse you for the difference. Where your fares exceed $60.00 a day, you will pay the excess to us up to a point where we are reimbursed for any monies paid to you by us under this license." "We understand that your boat is warranted to be in first class condition, with all necessary permits to operate in this service."

September 9, 1932, while on her way to Rikers Island with Heaney on board, a violent explosion wrecked the "Observation." He and many others were seriously injured.

Counsel for petitioners challenged the Board's jurisdiction upon the ground that as the accident occurred on navigable waters the rights and obligations of the parties were fixed by the maritime law. They also maintained that Heaney was not employed when injured.

The Board found: "Heaney stepped into his employment the moment he stepped aboard the said steamboat." "Such transportation by means of the steamship 'Observation' was included within and was part of the contract of employment between P. J. Carlin Construction Co., the employer herein, and Edward Heaney, the claimant, and was an incident of the claimant's employment. At the time Edward Heaney sustained the accidental injuries . . . the status of the claimant and the employer herein was a matter of local concern, was subject to the regulation of the State and in no way worked prejudice to any characteristic feature of the General Maritime Law. The claim . . . is within the jurisdiction of the Industrial Board and not such a matter as is subject to the exclusive jurisdiction of the Admiralty Law. This claim comes within the provisions of the Workmen's Compensation Law."

Without contesting the Board's finding in respect of employment, petitioners maintain here that the rights and obligations of the parties must be determined under

the maritime law and the State Compensation Act has no application. *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149, *Spencer Kellogg & Sons* v. *Hicks*, 285 U. S. 502, and kindred cases which hold that the rules of maritime law control rights and liabilities arising out of torts upon navigable waters are relied upon.

But as the Court of Appeals has pointed out: "No recovery is sought against the employer in this case because of any wrong alleged to have been done by the employer. A recovery is sought as the result of injuries for which the statute, read into the contract, gives a right to recovery." "An award under the Workmen's Compensation Law is not made on the theory that a tort has been committed; on the contrary, it is upon the theory that the statute giving the commission power to make an award is read into and becomes a part of the contract . . ." See *Post* v. *Burger & Gohlke,* 216 N. Y. 544; 111 N. E. 351; *Doey* v. *Howland Co.,* 224 N. Y. 30; 120 N. E. 53; also *State Industrial Comm'n* v. *Nordenholt Corporation,* 259 U. S. 263, 271.

This Court has often ruled that the maritime law cannot be modified by state enactments so as materially to interfere with its essential uniformity. *State Industrial Comm'n* v. *Nordenholt Corporation, supra.* But this doctrine, we think, has no application in the circumstances here presented. The present attempt is to enforce a liability assumed by employer and insurance carrier under a non-maritime contract. All parties, as well as the accident, were within the limits of New York State. The contract had no direct relation to navigation; to enforce it against the parties before us will not materially interfere with the uniformity of any maritime rule. There is no claim against the ship or her owner; their rights are not in issue.

*Spencer Kellogg & Sons* v. *Hicks, supra,* does not support petitioners' position. There the vessel's owner was

held liable for injuries received on navigable waters in consequence of the master's negligence. The respondent here seeks to enforce a contract of employment which had no direct and immediate relation to navigation, business or commerce of the sea. *North Pacific Steamship Co.* v. *Hall Bros. Marine Railway & Shipbuilding Co.*, 249 U. S. 119, 125; Benedict on Admiralty (5th ed.) § 63.

The court below reached the correct conclusion, and its judgment must be

*Affirmed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.