## BALTAZAR ALECKS'S CASE.

Suffolk. October 7, 1938. — October 28, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Workmen's Compensation Act*, Insurance coverage; Industrial Accident Board: jurisdiction. *Insurance*, Workmen's compensation insurance.

A policy of accident insurance, issued to an employee at the instance of his employer, who made the application, paid the premium, was the beneficiary named therein, and received an assignment of it from the employee, was not a policy of workmen's compensation insurance and gave the Industrial Accident Board no jurisdiction of proceedings respecting an injury to the employee within its terms.

CERTIFICATION to the Superior Court, purporting to be under the workmen's compensation act, of a decision of the Industrial Accident Board awarding compensation.

A final decree dismissing the claim was entered by order of *F. T. Hammond*, J. The claimant appealed.

*S. B. Horovitz & J. Bear*, for the claimant.

*W. J. Bannan*, (*R. W. McEnaney* with him,) for the insurer.

LUMMUS, J.   When an employer within the workmen's compensation act becomes an "insured person" under that act, by providing "by insurance for the payment to his employees by an insurer of the compensation provided for by" that act (G. L. [Ter. Ed.] c. 152, § 1 [6]), his employee acquires certain rights and is deprived of others. He acquires a right to compensation for personal injury as provided in that act, to be enforced by claim against the insurer filed with the Industrial Accident Board and by the decision of that board, followed in certain cases by proceedings in the courts.   On the other hand, the policy of the act is to deprive him of all right of action in tort against his employer for damages for an injury within the scope of the workmen's compensation act.   G. L. (Ter. Ed.) c. 152, § 24, provides: "An employee of an insured person shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury therein occurring, to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right, or, if the contract of hire was made before the employer became an insured person, if the employee shall not have given the said notice within thirty days of notice of such insurance. . . ."   A reservation of common law rights by an employee naturally is a rare occurrence, although theoretically and as a legal possibility the application of the workmen's compensation act is as much optional with the employee as it is with the employer.   *Young* v. *Duncan*, 218 Mass. 346.   *White* v. *George A. Fuller Co.* 226 Mass. 1. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 31–32.   *Leone's Case*, 239 Mass. 1.   *Gillard's Case*, 244 Mass. 47, 54.   *McDonnell* v. *Berkshire Street Railway*, 243 Mass. 94.   *Willard* v. *Bancroft Realty Co.* 262 Mass. 133.   *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565.   *Donovan* v. *Johnson, ante,* 12.

In the present case the Industrial Accident Board held that the employer was an "insured person," and the Boston Casualty Company an insurer, under the workmen's compensation act, with the result that the board had jurisdiction to award compensation for a personal injury received

by the employee which arose out of and in the course of his employment, to be paid by the Boston Casualty Company as insurer. The Superior Court dismissed the claim for compensation on the ground that the employer was not an insured person, nor was the Boston Casualty Company an insurer, under the workmen's compensation act. The correctness of that decree of dismissal upon the facts found by the board is the only question raised by the employee's appeal.

The relevant statutes are few. G. L. (Ter. Ed.) c. 152, § 1, contains the following definitions: "(6) 'Insured' or 'insured person', an employer who has provided by insurance for the payment to his employees by an insurer of the compensation provided for by this chapter. (7) 'Insurer', any insurance company authorized so to do which has contracted with an employer to pay the compensation provided for by this chapter." By § 55, as amended by St. 1934, c. 137, § 1, "No policy of workmen's compensation insurance shall be issued or delivered until a copy thereof has been filed with the commissioner of insurance at least thirty days prior to such issue or delivery, unless before the expiration of the thirty days the said commissioner shall have approved the form of the policy in writing, nor if the commissioner notifies the company in writing that in his opinion the form of said policy does not comply with the laws of the commonwealth, specifying the reasons for his opinion. . . . Any policy of insurance issued in violation of this section or of any other provision of this chapter shall nevertheless be valid and binding upon the company issuing it, and the rights, duties and obligations of the parties thereto shall be determined by this chapter and chapter one hundred and seventy-five." By § 54A, inserted by St. 1935, c. 425, "Every contract or agreement the purpose of which is to insure an employer in whole or in part against liability on account of injury or death of an employee, other than a domestic servant or a farm laborer, shall be void unless it also insures the payment of the compensation provided for by this chapter. Nothing in this section shall affect any such contract or agreement made with an employer of less

than six persons. The second paragraph of section fifty-five [the part of that section following the asterisks in the foregoing quotation from it] shall not apply in case of a contract or agreement made void by this section."

The reasons for the enactment of § 54A are plain. Since becoming an "insured person" under the workmen's compensation act is optional, certain large employers were willing to risk the somewhat enlarged common law liability of a noninsured employer (G. L. [Ter. Ed.] c. 152, §§ 66, 67) in order to avoid paying premiums for insurance under the act. Their willingness to do so would be increased if they could obtain at smaller expense liability isurance protecting them against the payment of damages in actions at law brought by injured employees. Thus the pressure which was intended to drive all employers into insuring under the workmen's compensation act would be removed, and the public policy of the Commonwealth that all employers should come under that act would fail. *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, 569, and cases cited. To avoid that result, § 54A sought to invalidate the liability insurance which tended to make employers feel that they could safely remain outside the workmen's compensation act.

The policy of insurance in the present case covered one month, that of November, 1934. It was renewable by payment of further premium with the consent of the insurer. It was so renewed, and was in force at the time of the injury to the employee. It was issued by the insurer to the employee Alecks, but at the instance of the employer who made the application and paid the premium. The employer was made beneficiary under the policy and received an assignment of it from the employee, in accordance with the custom in the issuance of such policies. The policy insured the employee against specified bodily injuries, partial disability and total disability incurred "by accidental means" in the course of "or" arising out of the employment of the insured employee. The injuries insured against and the amount of protection bear some resemblances to those under the workmen's compensation act, but the differences

are material and important. The workmen's compensation act is nowhere mentioned in the policy. We need not consider whether the policy was in any sense a policy of insurance against liability within G. L. (Ter. Ed.) c. 152, § 54A, or was merely a policy of insurance against accidental injury and its consequences. Clearly it was not a policy of workmen's compensation insurance within G. L. (Ter. Ed.) c. 152, § 1. It may be that the protection given to the employer by assignment to him of such a policy tends to give him a feeling of security that increases his willingness to remain outside the workmen's compensation act, and thus tends to defeat the public policy of the Commonwealth. But we cannot for that reason declare the policy of insurance one within the workmen's compensation act. It gave the Industrial Accident Board no jurisdiction, and deprived the employee Alecks of none of his rights in an action at law.

*Decree affirmed.*