18 So.2d 744

## HARLAN v. STATE.
### 7 Div. 800.

Court of Appeals of Alabama.
June 27, 1944.

Handy Ellis, of Columbiana, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris and W. W. Callahan, Asst. Attys. Gen., for the State.

CARR, Judge.

The appellant was tried on an indictment charging him with robbery. Title 14, Sec. 415, Code 1940.

The judgment of conviction is dated *August 26th, 1943.* The appellant gave notice of appeal *October 5th, 1943.* On *November 13th, 1943,* appellant tendered to the trial judge a bill of exceptions, filed on same date. On *January 11th, 1944,* the trial judge approved and signed the bill of exceptions. There was no motion for a new trial.

The Attorney General, in brief filed in this cause, earnestly insists that the notice of appeal having been filed after September 1st, 1943, nothing is left for consideration by this court but the record proper.

"Section 1. That bills of exceptions in the trial of cases at law in the circuit court and courts of like jurisdiction and all other Courts of Record having a full time Court Reporter and from which appeals lie directly to the Court of Appeals or the Supreme Court of Alabama in the State of Alabama are hereby abolished. If a party to a cause tried in such court desires to appeal from a judgment rendered he shall give notice to the court reporter that he desires to appeal and request the evidence to be transcribed. The court reporter shall then promptly transcribe the evidence, including objections, oral motions and rulings of the Court, certify to it and file it with the Clerk. He shall also identify and copy all exhibits offered in evidence in the order in which offered. The evidence so transcribed and certified and filed shall be a part of the record, and assignments of error may be made as though the transcript constituted a bill of exceptions. If any exhibits be offered in evidence which the court reporter cannot copy, he shall at the appropriate place describe and identify them and certify that they cannot be copied, and such exhibits shall be forwarded to the appellate court and be considered along with the record. If either party to the cause deems the transcript so certified to be incorrect, the trial judge, upon request, shall hear the parties and make such corrections and additions as he may think proper. * * * Section 6. This Act shall become effective on September 1, 1943." Act. No. 461, General Acts, Alabama, 1943, pp. 423–425, Code 1940, Tit. 7, § 827(1).

Our case of Peabody v. State, Ala.App., 18 So.2d 691,[1] opinion by Rice, Judge (certiorari denied by Supreme Court, 18 So. 2d 693) would be decisive of this question were it not for the fact that in the Peabody case, supra, the trial, judgment of conviction and notice of appeal were all subsequent to September 1st, 1943. In the case under consideration the judgment of conviction and sentence were entered August 26th, 1943, five days before the act abolishing bills of exceptions went into effect. The appellant could have filed notice of appeal at the time the judgment and sentence were rendered, or he could have filed such notice with the clerk of the court any time within six months thereafter. Title 15, Sec. 368, Code 1940. He pursued the latter course and filed the notice of appeal *October 5th, 1943.*

---

[1] Ante, p. 448.

In the case of Peabody v. State, supra, this court said: "And here, it is only necessary to remark that no attempt whatever was made to comply with the terms of the act in question. What purports to be a 'bill of exceptions' is a non-existent nullity. We ignore it."

In our effort to find a correct answer to this question, we have searched diligently for cases in factual point. We have failed. Our solution, therefore, must be based on reason and analogy.

Under the heading "Remedial Statutes", 50 Am.Jur., Sec. 482, p. 505, we find: "A retrospective law, in a legal sense, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, in respect of transactions or considerations already past. Hence, remedial statutes, or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes. To the contrary, statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention. Indeed, in the absence of any savings clause, a new law changing a rule of practice is generally regarded as applicable to all cases then pending. A fortiori, a statute or amendment which furnishes a new remedy, but does not impair or affect any contractual obligations or disturb any vested rights, is applicable to proceedings begun after its passage, though relating to acts done previously thereto. Sometimes, the rule is stated in the form that, when a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or pending and future actions. However, statutes or amendments relating to procedure are not necessarily retrospective in their operation. Such acts are undoubtedly within the general rule against retrospective construction where the affect of giving them a retroactive operation will be to impair the obligation of contracts or to disturb vested rights, and in such case will not be given a retrospective operation unless there is some language in the statute indicating such a legislative intent. Where the lan-

guage of a remedial act clearly relating to past transactions is broad enough to extend to like cases in the future, it will be construed to operate prospectively also if a contrary intent is not manifest."

See also: 59 C.J., Sec. 700, p. 1173; 25 R.C.L., Sec. 38, p. 791; Dickson v. Alabama Machinery & Supply Co., 18 Ala. App. 164, 89 So. 843, certiorari denied 206 Ala. 698, 89 So. 922; Miller-Brent Lumber Co. v. State, 210 Ala. 30, 97 So. 97; Eskridge v. Ditmars & Co., 51 Ala. 245; State v. Brossette et al., 163 La. 1035, 113 So. 366; Shreveport Long Leaf Lumber Co., Inc., v. Wilson et al., 195 La. 814, 197 So. 566; Phil H. Pierce Co. v. Watkins, et al., 114 Tex. 153, 263 S.W. 905; City of Chicago v. Industrial Commission et al., 292 Ill. 409, 127 N.E. 46.

In Dickson v. Alabama Machinery & Supply Co., supra [18 Ala.App. 164, 89 So. 844], the court had under consideration the right of the defendant for judgment nil dicit on his pleas of set-off and recoupment, which right had accrued by an act of the legislature prior to his insistence but subsequent to the filing date of the original cause. The court said:

"The plaintiff could not by taking a nonsuit deprive the defendant of the right to have judgment against the plaintiff on his pleas if proven, and the case should have proceeded to a determination of these issues; this being the evident intent of the Legislature by such act. There is no merit in the contention that as this case was pending at the time of the adoption of this act, its provisions could not apply to the instant case. This act is remedial, it neither enlarges nor diminishes an existing right, but as applied to this case simply deprived the plaintiff from precluding the defendant from having a determination of his pleas, founded on or growing out of the same transaction by which the plaintiff sought to fasten liability on the defendant.

"Where a new statute deals with procedure only, prima facie it applies to all actions, those which have accrued or are pending and future actions. Sutherland on Statutory Construction, p. 630. There is nothing in the language of the act to indicate a legislative intention that the defendant should be deprived of the right to proceed to judgment on his pleas, only in cases thereafter instituted. Before the passage of the act as a matter of procedure the plaintiff could have taken a nonsuit, and defeated defendant's right to a hear-

ing on his pleas, while after the passage of the act, as a matter of procedure, the plaintiff could still take a nonsuit, but not to the extent of depriving the defendant of the right to have judgment against the plaintiff on such pleas. *The act does not impair the obligation of any contract or affect any vested right; it merely furnished the defendant with a mode of procedure, without depriving the plaintiff of any right.*" (Emphasis ours.)

 In the case of Miller-Brent Lumber Co. v. State, supra [210 Ala. 30, 97 So. 99], is an opinion written for the Supreme Court by Justice Thomas, we find:

"The act was approved on the 29th day of October, 1921, and the original bill in this cause was filed October 8, of the same year, prior to the passage of the act. Being remedial in nature, and having retrospective operation, the statute applied to pending cases.

"The retrospective operation of statutes has been often discussed by this court. It is said that a statute intended by the Legislature to be applied to, or have effect on, past actions, transactions, contracts, offenses, or the exercise of power, may be valid and effective when the Legislature originally had authority to confer the power, or to authorize the act or transaction; that is to say, in cases where the curative statute does not (1) have the effect of impairing a vested or contract right, or (2) of validating an unconstitutional statute or proceeding, or (3) of taking away a cause of action, or (4) of destroying an existing defense to a cause of action after suit has been commenced, or (5) of reviving a right or remedy which had been barred by lapse of time or by statute." Citing Board of Revenue of Jefferson County v. Hewitt, 206 Ala. 405, 409, 410, 90 So. 781; Cooley, Constitutional Limitations (6th Ed.) p. 454; 1 Dillon, Municipal Corporations, 5th Ed., Sec. 129, p. 231; Chuoco Tiaco v. Forbes, 228 U.S. 549, 33 S.Ct. 585, 57 L.Ed. 960.

The courts recognize a distinction between statutes which affect substantial or vested rights and those which relate only to procedure or remedies. The general rule prevails that unless expressly prohibited or unless some contractual rights are intervened, a statute which is remedial or procedural by its terms and provisions applies whether the cause of action accrued or had its inception before or after the effective date of the act.

In the case under consideration the appellant had the remedy and right of appeal to this court after judgment of conviction, to be exercised any time within six months thereafter. Authorities, supra. This privilege was conditioned, however, upon affirmative pronouncement on his part as provided by law. It was an optional privilege. On the date he gave notice of appeal, the act in question was effective and prescribed a method and means of perfecting his appeal. The effective statute did not in any way preclude or impair appellant's rights. We must therefore hold that the bill of exceptions filed in the record in this cause is of no avail and cannot be considered. Peabody v. State, supra.

We have performed our duty, as required, and find no error in the record proper. Title 15, Sec. 389, Code 1940.

We do not hesitate to observe that, in our opinion, this cause was tried free of error, and, had the appellant pursued the proper procedure on this appeal, an affirmance of the cause would have followed.

The case is ordered affirmed.

Affirmed.

