21 So.2d 706

### EVERS v. STATE.

### 3 Div. 864.

Court of Appeals of Alabama.

March 13, 1945.

Rehearing Denied April 3, 1945.

John A. Dickinson, of Prattville, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant is charged under three separate indictments: Assault with intent to murder; public drunkenness; resisting an officer.

By agreement, the three cases were presented to the same jury on the evidence taken in one procedure. The jury returned a verdict of guilt in each case charging public drunkenness and resisting an officer, and acquitted defendant on the remaining indictment. This appeal is here from the judgments of both convictions, consolidated in one record.

We find in the record both a transcription of the testimony and a bill of exceptions. The appeal to this court was taken on November 12, 1943. The bill of exceptions will, therefore, not be considered since the appeal was taken subsequently to September 1, 1943, the effective date of the abolition of the bill of exceptions. Act No. 461, Gen. Acts 1943, p. 423, Code 1940, Tit. 7, § 827(1)–§ 827(6); Peabody v. State, 31 Ala.App. 448, 18 So.2d 691; Harlan v. State, 31 Ala.App. 478, 18 So.2d 744.

The motion for new trial was never ruled on by the lower court and therefore is not before us for review.

Counsel in briefs makes reference to a plea to the jurisdiction of the lower court. Said plea is not set out in the record, nor do the judgment entries show any rulings or adjudication of this attack.

Objection was overruled and exception taken to a part of the opening statement of the solicitor to the jury. We do not have the claimed statement in the record, and, therefore, we are unable to determine whether or not it was objectionable.

There is not an exception recorded to any of the few rulings of the primary court on the introduction of evidence. The affirmative charge was not tendered in appellant's behalf. In this state of the record, our powers of review are so limited there is nothing to say.

The evidence for the State, if accepted by the jury, is clearly sufficient upon

85

which to base a conviction on each indictment in question.

The case was carefully tried by the nisi prius court, and in our opinion both judgments of conviction are due to be affirmed. It is so ordered.

Affirmed.