110 So.2d 260

### TENNESSEE COAL & IRON DIVISION, UNITED STATES STEEL CORPORATION

v.

**Margaret HUBBERT.**

6 Div. 198.

Supreme Court of Alabama.

March 19, 1959.

Burr McKamy, Moore & Thomas, Birmingham, for appellant.

Cooper, Mitch & Black, Birmingham, for appellee.

**GOODWYN, Justice.**

This is a workmen's compensation case tried in the circuit court of Jefferson County and brought here by certiorari.

On October 29, 1954, Richard Hubbert, the husband of plaintiff in this proceeding, entered into a workmen's compensation settlement agreement with his employer, petitioner herein, pursuant to the Alabama Workmen's Compensation Law as it then existed, Code 1940, Tit. 26, §§ 253–325, as amended to said date, particularly §§ 278 (as amended by Act No. 661, § 3, appvd. July 10, 1940, Gen.Acts 1939, p. 1036) and 279 (as amended by Act No. 563, § 1, appvd. Aug. 29, 1951, effective Oct. 28, 1951, Acts 1951, p. 978). The settlement, approved by the circuit court on the same date pursuant to § 278, as amended, supra, provided for payment of compensation of $9.49 per week for 300 weeks, the installments totaling $2,847. Hubbert died on September 13, 1955, from causes other than the work-connected injury (silicosis) made the basis of the compensation award. Up to the time of his death he had received a total of $1,742.87 leaving the balance of the award at $1,104.13. Included in the payments were several advance payments agreed upon and approved by the circuit court.

Hubbert, at the time he received the injury on which the compensation award was based, had dependent on him for support, his wife (the plaintiff) and 6 children under 18 years of age. The plaintiff was still dependent on him when he died.

The parties to the proceeding now before us are in agreement that the question of primary concern is whether or not plaintiff has a right, either for her individual benefit or for the benefit of herself and those of Hubbert's children who may from time to time still be under the age of 18 years, to that part of the compensation award which had not accrued at the time of Hubbert's death.

Bearing on this question is an amendment to § 279(F) which became effective on September 7, 1955 (Act No. 355, appvd. Sept. 7, 1955, Acts 1955, p. 853), after Hubbert's injury and the award of compensation but prior to his death. The amendment added to § 279(F) the following provision:

"If a workman has sustained a permanent disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, his widow and/or dependent children shall be entitled to the balance of the payments which would have been due and payable to the workman."

There is no question that, in the absence of the September 7, 1955, amendment, there would be no right in the widow and dependent children to the installments accruing after Hubbert's death. We have so held. United States Steel Corporation v. Baker, 266 Ala. 538, 97 So.2d 899; Woodward Iron Co. v. Horton, 267 Ala. 449, 103 So.2d 717. The precise point at issue, then, is whether the 1955 amendment gives them such right.

Plaintiff insists that the 1955 amendment goes to the remedy; that it is retrospective as well as prospective, covering not only cases where injuries were suffered and awards made after its passage but also cases where injuries were suffered and awards made prior thereto. We are unable to agree. Clearly, it seems to us, the amendment created new substantive rights —in favor of the widow and dependent children, on the one hand, by giving them a right to money which they did not theretofore have and, on the other hand, by adding to the employer's obligation a requirement that it pay money which theretofore it was not obligated to pay to anyone.

The employer takes the position that to construe the 1955 amendment so as to require payment of the installments accruing after Hubbert's death would render the amendment unconstitutional for the following reasons: It would (a) impair the obligations of a contract, (b) impair the obligations of a judgment, (c) deprive defendant of property without due process, (d) impute to the legislature the usurpation of judicial power, (e) apply the amendment retrospectively, although the title to the amendatory act did not state that it was to be retrospective, as the Constitution of Alabama requires of such legislation, and (f) disturb an existing defense to a suit after suit has been commenced. We find it necessary to deal only with ground (a).

It is our view that the amendment, if construed so as to give plaintiff the right to the unaccrued installments, would contravene provisions of the State and Federal Constitutions forbidding legislation impairing the obligations of contracts. Section 22, Alabama Constitution 1901 (cf. § 95); § 10, Art. 1, Constitution of the United States; Phillips v. City of West Palm Beach, Fla., 70 So.2d 345; Salmon v. Denhart Elevators, 72 S.D. 110, 30 N.W.2d 644; In re Beausoleil's Case, 321 Mass. 344, 73 N.E.2d 461; Warner v. Zaiser, 184 Minn. 598, 239 N.W. 761; Yaeger v. Delano Granite Works, 250 Minn. 303, 84 N.W. 2d 363; Preveslin v. Derby & Ansonia Developing Co., 112 Conn. 129, 151 A. 518, 70 A.L.R. 1426; McClung v. National Carbon Co., 190 Tenn. 202, 228 S.W.2d 488; State ex rel. Conley v. Pennybacker, 131 W.Va. 442, 48 S.E.2d 9; Washabaugh v. Bartlett Collins Glass Co., 177 Okl. 159, 57 P.2d 1162; Swatek Const. Co. v. Williams, 177 Okl. 305, 58 P.2d 585; Thomas v. Crummies Creek Coal Co., 297 Ky. 210, 179 S.W.2d 882; General Refractories Co. v. Henderson, 313 Ky. 613, 232 S.W.2d 846; 12 Am.Jur., Constitutional Law, § 389, p. 18 (Notes 1 and 2); 16A C.J.S. Constitutional Law § 349, p. 19 (Note 10), § 418, p. 108.

The applicable principle is thus stated in 12 Am.Jur., Constitutional Law, § 389, supra:

"* * * The importance of protecting the obligation of contracts from all legislative action tending to its impairment has been emphasized by the Supreme Court of the United States. This high tribunal has stated that the inviolability of contracts and the duty of performing them, as made, are at the foundation of all well-ordered society, that to prevent the removal or

disturbance of these foundations was one of the great objects for which the Constitution was framed, and that it is one of the highest duties of this court to take care that the prohibition should neither be evaded nor frittered away.

\*    \*    \*    \*    \*    \*

"A workmen's compensation act is contractual in its nature, and therefore any legislation which purports to change a substantial term of a contract operative at the time of the plaintiff's injury would impair the obligation of such contract and fall within the ban of the Constitution."

In 16A C.J.S. Constitutional Law § 349, p. 19, supra, it is said that

"legislation construed as applying to injuries which occurred before its passage, at which time a different compensation law was in effect, and changing that law, would impair the obligations of contracts;  \*    \*    \*."

The Florida Supreme Court, in Phillips v. City of West Palm Beach, supra [70 So. 2d 346], had this to say:

"Both the adoption of Section 440.20, subsection (13) of the Florida Statutes of 1949, and the subsequent repeal thereof by Chapter 26877, § 2, of the Laws of 1951, substantially changed the liability of the employer from what it was when the injury occurred.

"This Court has frequently ruled that the acceptance of the application of workmen's compensation statutes by the employer, employee, and insurance carrier constitutes a contract between the parties embracing the provisions of the statutes as they may exist at the time of any injury compensable under the terms of the statute.  \*    \*    \*

"The statute in existence and controlling at the time of the occurrence of the appellant's injury was Section 440.20, subsection (13) of the Florida Statutes of 1941.  \*    \*    \*

" \*    \*    \*  To hold that Chapter 26877, § 2, of the Laws of 1951, is retroactive, would make it a violation of Section 10, Article 1 of the Constitution of the United States, and constitute it in [sic] impairment of the obligation of contract."

The question was thus dealt with by the Supreme Court of South Dakota in Salmon v. Denhart Elevators, supra [72 S.D. 110, 30 N.W.2d 648], viz.:

"On July 21, 1941 when the injury occurred the statute allowed a maximum of $100 for medical and surgical services. This allowance was increased to $200 by Ch. 314, S.L. of 1943. In this instance the Commissioner allowed the sum of $200 for medical and surgical services and this allowance was affirmed by the circuit court. The employer and insurer say that their obligation to pay for such services is limited by the statute which was in effect when the injury occurred. Rights and obligations of an interested party under the Workmen's Compensation Law become vested at the date of a compensable accident, unless death results. Until such time as an accident occurs the legislature may change the scale of weekly or other benefits, but to make such a change after the accident occurs would impair the obligations of contracts. Warner v. Zaiser, 184 Minn. 598, 239 N.W. 761; Gauthier v. Penobscot Chemical Fiber Co., 120 Me. 73, 113 A. 28. The allowance for medical and surgical services in this case is, therefore, limited to $100 by the provisions of SDC 64.0401, as amended by Ch. 297, S.L. of 1939."

The Massachusetts Supreme Judicial Court discussed the question in Re Beausoleil's Case, supra [321 Mass. 344, 73 N.E. 2d 464], as follows:

"The action of the board in basing its decision upon the statute in effect when the injury occurred and not upon the statute in effect at the death may

also be supported upon a ground other than the construction of the later statute. It was optional with the employer at the time of the injury to become an insured person under the workmen's compensation act, and it was likewise optional with the employee to accept the benefits of the act; and where, as here, both have voluntarily elected to come within the provisions of the act, the act must be read into the contract of employment. P. J. Carlin Construction Co. v. Heaney, 299 U.S. 41, 44, 57 S.Ct. 75, 81 L.Ed. 27. Upon the occurrence of an injury to the employee arising out of and in the course of her employment her rights to compensation and the obligation of the insurer to pay compensation were governed and fixed by the act, Ahmed's Case, 278 Mass. 180, 183, 184, 179 N.E. 684, 79 A.L.R. 669; Aleck's Case, 301 Mass. 403, 406, 17 N.E.2d 173; and these rights and obligations, being contractual in nature, could not be impaired by a subsequent statute. * * *"

In Warner v. Zaiser, supra [184 Minn. 589, 239 N.W. 761], the Supreme Court of Minnesota had this to say:

"The only question before us for determination is whether the rights of the respective parties, petitioner, employer, and insurer are to be governed by the 1921 law or by the 1923 law, above quoted. The determination of the commission was that the 1921 law was controlling.

*     *     *     *     *     *

"The rights of the petitioner herein were fixed and established by the law in force at the time of the death of her husband. Under the 1921 law she was entitled (a) to receive as long as she she remained unmarried $8 per week until the $7,500 had been paid; (b) in case she remarried, to receive in a lump sum one-half of the unpaid portion of the $7,500. Each of these rights was on an equal footing. It was

not competent for a subsequent Legislature to take away or infringe upon either one of them.

"The quoted 1923 law only applied to claims arising because of death occurring after the law had taken effect. It had no retroactive effect; it could not lawfully deprive petitioner of a substantive right which accrued to her under the 1921 law.

"A contractual relationship existed under the law at the time of the husband's death between petititoner, the employer, and the insurer. Tierney v. Tierney & Co., 176 Minn. 464, 223 N.W. 773; Gen.St.1923 (1 Mason, 1927) § 4271. It was beyond the power of the Legislature to impair the existing obligation.

"If the Legislature could go as far as is claimed by relators, it could by appropriate enactment cut off all payments after remarriage, and, by the same reasoning, could, before remarriage, change the law so as to stop weekly payments before the full $7,500 was paid, if a certain event happened. If the 1921 law had provided that the widow should receive a certain amount per week until the $7,500 had been paid, and in case she became totally disabled she should receive double that weekly indemnity, it could not be seriously contended that, after her rights had been fixed by the death of the husband, a subsequent law could deprive her of the increased compensation, if she became thus disabled.

*     *     *     *     *     *

"The provisions of the Workmen's Compensation Law do not become fixed as to interested parties at the time the employment begins. The obligations and rights of the parties as to weekly compensation and other benefits to the employee do become fixed at the date of a compensable accident; as to benefits and liabilities arising because of the employee's death, they become fixed at

the time of the death. The Legislature may change the scale of weekly or other benefits prior to the occurrence of the accident; it may change the benefits to be received by the widow of an employee prior to the death. The rate of compensation, whether for injury or death, may not be changed after the event takes place that fixes the rights of the parties under the law in force at that particular time."

In the later case of Yaeger v. Delano Granite Works, supra [250 Minn. 303, 84 N.W.2d 366], the Minnesota Court held as. follows:

" * * * Since a workmen's compensation act is contractual in nature, any statute which purports to alter a substantial term of the contract which was in effect at the time the controlling event occurred (the death of the employee in these cases) impairs the obligation of such contract and is therefore unconstitutional. Warner v. Zaiser, 184 Minn. 598, 239 N.W. 716; State ex rel. Conley v. Pennybacker, 131 W. Va. 442, 48 S.E.2d 9; see, 12 Am.Jur., Constitutional Law, § 389. * * *"

The Supreme Court of Errors of Connecticut in Preveslin v. Derby & Ansonia Developing Co., supra [112 Conn. 129, 151 A. 522], had this to say:

" * * * The defendant's right of defense, which affected its substantial interests, became fixed in present enjoyment and available to the defendant under the statute in effect at the time of the injury and definitely ascertained upon the determination of the McCook Case [State v. McCook, 109 Conn. 621, 147 A. 126, 64 A.L.R. 1453]. It was a property right which vested in the defendant and for whose protection against legislative invasion in the form of a validating act or otherwise it could rely on article 1 of our State Constitution and upon the Fourteenth Amendment of the Federal Constitution.

"In Travelers Ins. Co. v. Ohler, 119 Neb. 121, 227 N.W. 449, 450, the court held: 'A legislative act will not be permitted, even if an attempt so to do is disclosed, to operate retrospectively where it will have the effect to invalidate or impair the obligation of contracts or interfere with vested rights.' * * *

"The Compensation Act of this state is contractual. General Statutes, § 5342; Powers v. Hotel Bond Co., 89 Conn. 143, 145, 93 A. 245. The contract between plaintiff and defendant began with plaintiff's employment. The contract is to pay and accept such compensation as is prescribed by statute in effect at the date of the injury. Any legislation which purported to change a substantial term of this contract operative at the time of plaintiff's injury passed subsequent to its making would impair its obligation and fall within the ban of article 1 of the Constitution of Connecticut and of article 1, § 10, and the Fourteenth Amendment of the Federal Constitution. * * * In a case where larger compensation was awarded under an act passed subsequent to the accident than was provided by the law in force when the accident occurred, the court held: 'If such be the intention of the act, it cannot under the plain provisions of both the federal and state Constitutions be given that effect so far as concerns rights and obligations which accrued before its passage. * * * Upon the happening of an industrial accident the right to receive compensation becomes vested, and the obligation to pay it fixed. To change such vested rights and fixed obligations by statute would clearly be to impair the obligation of contracts.' Gauthier's Case, 120 Me. 73, 76, 113 A. 28, 30. Under the accepted rule of this jurisdiction, retrospective laws which impair the obligation of contracts, or substantial vested rights, are in conflict with the federal and state Constitutions."

It follows from what we have said that the judgment under review is due to be reversed. It is so ordered.

Reversed and rendered.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.