PER CURIAM.
Plaintiff Huey Lee appeals from an adverse final judgment in a declaratory judgment action filed by him against defendant Charles McDowell Lee which sought a declaration of Huey’s rights under the last will and testament of his grandmother. We affirm.

Issue

Whether repeal of the civil death statute in 1965 can be applied retroactively so as to divest an interest which vested in 1948 pursuant to law extant at that time?

Facts

The plaintiff Huey R. Lee, Jr. (Huey) and the defendant Charles McDowell Lee (Charles) are brothers. Their mother was Janet McDowell Lee (Janet) and their grandmother was Annie T. Lee (Annie). This action arose from a dispute over the disposition of certain real property devised by their grandmother, Annie, in her will.
On or about the 27th or 28th day of October 1943, Huey was tried and convicted of first degree murder; thereafter, he was sentenced to life imprisonment. On 21 August 1944, Huey and Charles’ grandmother executed her last will and testament and, following her death, that will was admitted to probate on 10 August 1948. The grandmother, in paragraph six of her will, devised a life estate in certain real property to Janet; the remainder to be divided between Huey and Charles. Paragraph seven of that same will provided in part that all the property devised and bequeathed to Huey would go to Janet for life with the remainder to ’Charles in the event Huey predeceased either the testatrix or Charles.
Janet died on 15 January 1977, and subsequent to her death Huey filed suit in the Barbour County Circuit Court seeking a declaration of his rights under the last will and testament of his grandmother. (It appears from the record that at the time of filing his action, Huey had enjoyed the status of a parolee for approximately one year or more.) Charles filed a motion to dismiss stating, among other theories, that plaintiff lacks capacity to sue because he was found guilty of murder on 27 October 1943 and thereafter sentenced to life imprisonment; therefore, he is regarded as civilly dead according to the provisions of Tit. 61, § 3, *509 Code of Ala., 1940, as Recompiled 1958, which was in effect until repealed in 1965 by Act No. 272, Acts of Alabama (First Spec.Sess. 5 May 1965). Title 61, § 3, reads as follows:
“§ 3. Effect of sentence of imprisonment for life. — A convict sentenced to imprisonment for life is regarded as civilly dead, but may, nevertheless, at any time within six months after his sentence, make and publish his last will and testament.”
The merits were argued and evidence was taken in a hearing before the trial court without a jury. The trial court converted Charles’ motion to dismiss into a motion for summary judgment and entered summary judgment in his favor.

Decision

Huey contends that any lack of capacity to maintain his action in 1977 was removed with the repeal of the civil death statute in 1965 because incapacity is a matter of defense to be determined at the time the action is filed. Charles counters this with the contention that repeal of the civil death statute cannot be applied retroactively to divest an interest that vested in 1948. We agree with the latter contention.
It is an old and well established rule of law that rights and interests which accrued or vested under existing law will not be altered by the subsequent repeal or modification of that law. See Snow v. Abernathy, 331 So.2d 626 (Ala.1976); Pickett v. Matthews, 238 Ala. 542, 192 So. 261 (1939); Grey’s Ex'r v. Mobile Trade Co., 55 Ala. 387 (1876). In this case the remainder interest in the real property vested in Charles in 1948 on the occasion of the death and probate of the will, of the grandmother, Annie, long before the repeal of the civil death statute.
Paragraph seven of Annie T. Lee’s will provides in pertinent part:
“* * * In [the] event my grandson Huey Reynolds Lee Junior, should precede me in death, or should he precede his mother Janet McDowell Lee of [or] his brother Charles McDowell Lee in death, then in that event I give, devise and bequeath unto Janet McDowell Lee all of the real property I devised and bequeathed to the said Huey Reynolds Lee Junior, under Items Two (2), and Six (6), for and during her natural life to enjoy the rents, profits and income therefrom and at her death the same to go to my grandson Charles McDowell Lee and unto his heirs and assigns, forever in fee simple.”
In 1948, when Mrs. Annie T. Lee’s will was admitted to probate, Huey had been convicted of first degree murder and sentenced to life imprisonment. The operative effect of the then extant civil death statute rendered Huey civilly dead and he had, in legal effect, predeceased both Janet, his mother, and his brother, Charles. Thus, by operation of law the real property passed as if the convicted and life-sentenced person had in fact died. See Holmes v. King, 216 Ala. 412, 113 So. 274 (1927). As a result, the remainder interest in all the property at issue in this case vested in Charles in 1948; consequently, Huey cannot now reach back and divest Charles of that interest on the theory he, Huey, underwent legal rebirth when the civil death statute was repealed. We do not hold, however, that Huey cannot sue on causes of action which may accrue, or have accrued, to him after repeal of the statute.
The judiciary generally disdains retroactive application of laws because such application usually injects undue disharmony and chaos in the application of law to a given fact situation; therefore, the courts will generally indulge every presumption in favor of prospective application unless the legislature’s intent to the contrary is clearly and explicitly expressed. City of Brewton v. White’s Auto Store, Inc., 362 So.2d 226 (Ala.1978). Nowhere in Act 272, which repealed the civil death statute, is there any expression of legislative intent for retroactive application of that Act. To allow this action to be maintained would give retroactive effect to repeal of the civil death statute contrary to the intent of the legislature.
*510 Por the stated reasons the judgment is affirmed.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER, ALMON and EMBRY, JJ., concur.