This case was originally assigned to a former judge on this court and was recently reassigned.
This is an appeal from a summary judgment. Michael F. Grzelak, a homeowner, and Frank C. Owen, a homebuilder, entered into a residential construction contract on March 11, 1991. On August 29, 1991, Grzelak sued Owen, alleging breach of contract and fraud. On September 16, 1994, a verdict was rendered against Owen, and a judgment entered in favor of Grzelak for $25,000.
On October 2, 1995, Grzelak filed a verified claim against the Home Builders Licensure Fund ("Fund") in accordance with § 34-14A-15, Ala. Code 1975, for the full amount of the judgment. The trial judge entered a summary judgment in favor of Grzelak on April 18, 1996, and ordered the Homebuilders Licensure Board ("Board") to pay him $25,000. The Board appeals from the summary judgment.
The issue is whether the Fund is liable to a homeowner for payment on a claim, when that claim is based on residential construction activity that occurred before the enactment of the homebuilders licensure law. The Home Builders Licensure Board and the Home Builders Licensure Fund were created by Ala. Acts 1992, No. 92-608, enacted on May 21, 1992. This legislation provided a method of regulating residential homebuilders as well as a mode of recovering damages sustained as a result of negligence on the part of homebuilders licensed under the law.
In this case Owen was issued a residential homebuilder's license by the Board on December 2, 1993; that license expired on December 31, 1994. Unlike some acts that specify an effective date, there was no effective date specified in the act regulating the licensing of homebuilders. The only reference to an effective date in connection with the act was a Code Commissioner's note that quoted in part the Ala. Acts 1992, Act No. 92-608 as follows: "The provisions of this act shall be advertised in each county in a newspaper of general circulation once a week for three (3) consecutive weeks prior to implementation of this act."
The dispositive issue is whether the statute creating the Board and the Fund should be applied prospectively or retrospectively.
The Fund argues that the general rule of law is that a statute will not be construed to have retroactive effect unless the language of the statute expressly indicates that the legislature intended it to. The Fund also claims that the statute is substantive in nature and *Page 408 
therefore is limited to prospective application.
In opposition, Grzelak contends that whether a statute should be applied prospectively or retrospectively depends upon the intent of the legislature in enacting the statute. He argues that the legislature intended to protect the public health, safety, and welfare when it enacted the statute and, therefore, that the statute should be considered remedial in nature, and, therefore, applied retrospectively.
Our Supreme Court has applied a state constitutional provision in determining whether an act of the legislature can be applied retrospectively and has concluded that the constitution requires that the title of the act reflects the legislature's intent for retroactive effect:
 "This Court has interpreted § 45 [Alabama Constitution of 1901,] as imposing the requirement that where an act is intended to have retroactive application, the title of the act must 'fairly and reasonably indicat[e] that the act is retrospective.' Lindsay v. United States Savings and Loan Association, 120 Ala. 156, 24 So. 171
(1897); see Gayle v. Edwards, 261 Ala. 84, 72 So.2d 848 (1954)."
Alabama Educ. Ass'n v. Grayson, 382 So.2d 501, 505 (Ala. 1980).
The Court of Appeals, after conducting a detailed analysis of whether a statute should be applied retroactively, stated as follows:
 "It is a fundamental precept of our jurisprudence that substantive legal interests spring from the law in effect at the time such interests are alleged to have arisen or to have been violated. For this reason, undoubtedly induced by a sense [of] what is fair and what is right, courts have uniformly been reluctant to construe statutes as having retroactive operation, even though non offensive constitutionally, unless the intent of the legislature that a statute is to operate retroactively is made certain, either by actual words, or by clear and necessary implication."
Alabama Power Co. v. Director of Indus. Relations, 36 Ala. App. 218,221, 54 So.2d 786, 788 (1951) cert. denied.
Our Supreme Court restated the presumption against retroactive application of laws, as follows:
 "The judiciary generally disdains retroactive application of laws because such application usually injects undue disharmony and chaos in the application of law to a given fact situation; therefore, the courts will generally indulge every presumption in favor of prospective application unless the legislature's intent to the contrary is clearly and explicitly expressed. City of Brewton v. White's Auto Store, Inc., 362 So.2d 226 (Ala. 1978)."
Lee v. Lee, 382 So.2d 508, 509 (Ala. 1980).
The legislature's intent in establishing the Board and the Fund is reflected in the terms of the statute:
"§ 34-14A-1.
 "In the interest of the public health, safety, welfare, and consumer protection and to regulate the home building and private dwelling construction industry, the purpose of this chapter, and the intent of the legislature in passing it, is to provide for the licensure of those persons who engage in home building and private dwelling construction, including remodeling, and to provide home building standards in the State of Alabama. The legislature recognizes that the home building and home improvement construction industries are significant industries. Home builders may pose significant harm to the public when unqualified, incompetent, or dishonest home building contractors and remodelers provide inadequate, unsafe or inferior building services. The legislature finds it necessary to regulate the residential home building and remodeling construction industries."
We find no indication from the language of the statute, or from the legislative history of the act, that the legislature intended that this act be applied retrospectively.
Having concluded that there is no express legislative intent to apply the statute retrospectively, contained either within the language of the statute or within the legislative history of the statute, we must determine *Page 409 
whether the statute is remedial or substantive in nature.
The general rule in Alabama is that remedial legislation is generally applied retrospectively while substantive laws are limited to prospective application:
 "Whether the new statute applies or not, turns on the determination of whether the statute affects a substantive right or merely is procedural in nature. Generally, statutes dealing with procedural or remedial matters apply retrospectively. Harlan v. State, 31 Ala. App. 478, 18 So.2d 744 (1944); South v. State, 86 Ala. 617, 6 So. 52 (1889). Conversely, those statutes affecting vested rights or altering legal status, being substantive, are denied retrospective application. Harlan, supra; Barrington v. Barrington, 200 Ala. 315, 76 So. 81 (1917)."
Barnes v. State, 429 So.2d 1114, 1120 (Ala.Crim.App. 1982).
The Supreme Court has restated this rule in a more recent case:
 " 'Remedial statutes' or those relating to remedies or modes of procedure, which do not create new rights or take away vested ones, are not within the legal conception of 'retrospective laws,' however, and do operate retrospectively, in the absence of language clearly showing a contrary intention. Sills v. Sills, 246 Ala. 165, 19 So.2d 521 (1944); Harlan v. State, 31 Ala. App. 478, 18 So.2d 744 (1944)."
Street v. City of Anniston, 381 So.2d 26, 29 (Ala. 1980).
In Tennessee Coal Iron Division, United States Steel Corp.v. Hubbert, 268 Ala. 674, 110 So.2d 260 (1959), our Supreme Court determined that an amendment to the workmen's compensation statute that created new rights was a substantive change in the law. In that case a worker who had entered into a workmen's compensation settlement agreement with his employer died without collecting the entire workmen's compensation award. An amendment to the workmen's compensation statute that became effective after the workmen's compensation award, but before the worker's death, gave a widow and/or dependent children an entitlement to the balance of the payments that would have been due and payable to the worker. In that case, the court held:
 "[t]he amendment created new substantive rights — in favor of the widow and dependent children, on the one hand, by giving them a right to money which they did not theretofore have and, on the other hand, by adding to the employer's obligation a requirement that it pay money which theretofore it was not obligated to pay to anyone."
268 Ala. at 676, 110 So.2d at 262. Therefore, the court determined that the amendment could not be applied retrospectively because it was a change in the law that created substantive rights.
In enacting the statute in this case, the legislature provided a particular right of action against the Fund in those instances where a judgment has not been satisfied by the homebuilder. Before the statute, there was no right for an individual to make a claim against the Fund. A homeowner who had obtained a judgment against a homebuilder, before enactment of the statute, was limited to existing actions at law to collect on the judgment. After the enactment of the statute, homeowners had another right through a subsequent action. We conclude that the legislature created a substantive change by enacting the statute.
Had the legislature intended this statutory remedy to redress wrongs committed before it enacted the statute, it could have provided for this by utilizing specific drafting techniques.See, e.g., § 41-10-154, Ala. Code 1975 (a statute governing historical preservation). Accordingly, this substantive statute should not be applied retrospectively.
The judgment is reversed, and the cause is remanded to the trial court for proceedings in accordance with this opinion.
REVERSED AND REMANDED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result. *Page 410