(118 So. 281)

## STANDARD OIL CO. OF KENTUCKY v. STATE. (6 Div. 196.)

Supreme Court of Alabama. July 14, 1928.

Rehearing Denied Oct. 25, 1928.

244

E. L. All, John S. Coleman, Douglas Arant; and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Horace C. Wilkinson and Forney Johnston, both of Birmingham, for the State.

PER CURIAM. ■ While Schedule 74 of the Acts of 1919, p. 424, may be termed an excise tax and may be an occupation tax, the amount of same is to be fixed or measured by the sum of the gross sales of the oils there mentioned for the preceding year and may not, technically speaking, be a tax on the sales, yet in its general result it rests on the sale of said oils. If there were no sales the preceding year, there would be no tax, and, if there were sales, there would be a tax based on same fixed at one-half of one per centum on the gross sales.

■ The repealing clause of the Acts of 1923, p. 39, reads as follows:

"All other state excise and inspection taxes on the sale of gasoline imposed before the pas-

sage of this act shall be and the same are hereby repealed, and all state laws and parts of laws in conflict with the provisions of this act are hereby repealed."

Whatever name may be given the tax as provided by Schedule 74, it is a tax based on the sale of the oils therein mentioned, including gasoline. If there is no sale, there is no tax, and, whether the tax be on the sale or on the occupation, it is based upon and fixed by the sale of the commodities, and we do not think the repeal of same can be escaped upon the technical theory that the repealing clause applies only to a tax on sales, and not to such a tax as provided by Schedule 74 on the business of selling oil.

The language of the repealing clause of the act of 1923 covers the case here presented. The tax of Schedule 74 of the act of 1919 is confessedly an excise. We have shown it is based on sales, and therefore meets that feature of the repealing clause. Therefore it must follow that Schedule 74, being an excise tax based on sales, comes squarely within the language of the repealing clause.

The act of 1920 (Acts 1920, p. 117) is solely an inspection law and a police regulation. The repealing clause could not be limited therefore to such inspection law. To give the words "other * * * excise * * * taxes on the sale of gasoline" any operation whatever, they must be held to apply to Schedule 74, as Schedule 74 of the act of 1919 and the inspection law of 1920 were the only ones then in force as to gasoline.

To hold in conformity to the contention of the state would be to ignore the above-quoted significant language of the repealing clause. It is not to be presumed the Legislature has used language without any meaning or application whatever.

We think that section 13 of the act of 1923 expressly repeals Schedule 74 of the act of 1919 as to gasoline and so hold.

The trial court erred in rendering judgment for the plaintiff, and the judgment of the circuit court is reversed, and one is here rendered in favor of the defendant.

Reversed and rendered.

All the Justices concur.