248 So.2d 745

Leon Holt STEELE

v.

AETNA CASUALTY & SURETY COMPANY.

7 Div. 24.

Court of Civil Appeals of Alabama.

April 14, 1971.

As Modified on Denial of Rehearing May 26, 1971.

Spain, Gillon, Riley, Tate & Ansley and Ollie L. Blan, Jr., Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville and William G. Somerville, Jr., Birmingham, for appellee.

WRIGHT, Judge.

A complaint of one count claiming money received by defendant to the use of plaintiff was filed by Aetna Casualty & Surety Company against Leon Holt Steele. Judgment was rendered against Steele in the amount of $2,112.80.

The facts upon which suit was brought are not in dispute. The matter was submitted for consideration of the trial court upon stipulation of fact and certain exhibits thereto.

In 1965, appellant Steele was employed by Superior Trucking Company, a common carrier doing an interstate business. On July 16, 1965, while working within the course of his employment and while engaged in interstate commerce, Steele suffered an accident from which injury resulted. This injury occurred when a beam fell from a fork lift being operated by Charles Brown, an employee of Soderhamn Machine Manufacturing Company, located in Talladega County, Alabama.

Aetna Casualty and Surety Company, appellee and hereinafter referred to as Aetna, insured Superior Trucking Company with Workmen's Compensation insurance. Without claim being filed, Aetna paid Steele benefits according to the Workmen's Compensation schedule, totaling $2,112.80, not including medical expenses. Upon final payment, Aetna, by letter, informed Steele that he had been paid full benefits for his injury in accordance with the Workmen's Compensation law. They furnished him with a subrogation receipt which he did not sign.

Steele filed suit against Brown and Soderhamn Machine Manufacturing Company in Talladega County for damages for personal injury. Aetna petitioned to intervene as subrogee under provisions of Title 26, Section 312, Code of Alabama 1940, as amended. Before intervention was granted Aetna, Steele settled his claim against Brown and Soderhamn for the amount of $14,300.00, and the suit was dismissed. Aetna was not reimbursed the benefits paid Steele and this action resulted.

Though the cause of action is stated in a common count, it was in the trial below the contention of Aetna that appellant was covered by Workmen's Compensation at the time of his injury and since he had been paid, and accepted compensation payments, Aetna was entitled to reimbursement of such payments from the damages recovered by Steele from the third party according to the provisions of Title 26, Section 312, Code of Alabama 1940, as amended.

Aetna states in brief that it does not dispute that its right of reimbursement derives from Section 312. Thus, we wish to make clear at this point in our consideration, the theory upon which recovery was sought and upon which the case was tried and submitted for judgment. That theory has been reiterated in brief and our review is limited to the theory upon which the case was tried below. Union Springs Tel. Co. v. Green, 285 Ala. 114, 229 So.2d 503; Auto-Owners Ins. Co. v. Stokes, 284 Ala. 537, 226 So.2d 320.

It is clear from assignments of error and argument in brief by both appellant and appellee that consideration must be given to the application of three sections of the Workmen's Compensation Act of Alabama to the facts of the case. Those sections are 263, Section 270 and Section 312, of Title 26, Code of Alabama 1940, as amended. We now reproduce the pertinent portions of said sections.

"§ 263. (7543) Articles 1 and 2 of chapter not applicable to certain employments.—Articles 1 and 2 of this chapter shall not be construed or held to apply to any common carrier doing an interstate business while engaged in interstate commerce, or to domestic servants, farm laborers, or persons whose employment at the time of the injury is casual, and not in the usual course of the trade, business, profession or occupation of the employer, or to any employer, who regularly employs less than eight employees in any one business or to any county, city, town, village or school district. Any employer who regularly employs less than eight employees in any one business or any county, city, town, village or school district may accept the provisions of articles 1 and 2 of this chapter by filing written notice thereof with the department of industrial relations and with the probate judge of each county in which said employer is located or does business, said notice to be recorded by the judge of probate for which he shall receive the usual fee for recording con-

veyances, and copies thereof to be posted at the places of business of said employers and provided further, that said employers who have so elected to accept the provisions of articles 1 and 2 of this chapter may at any time withdraw the acceptance by giving like notice of withdrawal. In no event nor under any circumstances shall articles 1 and 2 of this chapter apply to farmers and their employees. (1939, p. 1036, § 2, appvd. July 10, 1940.)"

"Section 270. If both employer and employee shall, by agreement, expressed or implied, or otherwise as herein provided become subject to this article, compensation, according to the schedules hereinafter contained, shall be paid * * *."

"Section 312. Where the injury or death for which compensation is payable under article 2 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer * * * the employee * * * may bring an action against such other party to recover damages for such injury * * *. If the injured employee * * * recover damages against such other party the amount of such damages so recovered and collected shall be credited upon the liability of the employer for compensation, and if such damages * * * should be in excess of the compensation payable * * * there shall be no further liability on the employer to pay compensation * * *, and the employer shall be entitled to reimbursement for the amount of compensation theretofore paid * * *."

Our discussion of the statutes involved has been appreciably shortened by the concession of appellee in brief that the first sentence of Section 263 excepts from the provisions of the Workmen's Compensation law employees of common carriers doing interstate business while engaged in interstate commerce. Thus, appellant, under

the stipulation and by Section 263 was not eligible for Workmen's Compensation. However, appellee contends that Section 270 provides conditions by which Steele and his employer may remove or nullify the exception of Section 263 and qualify for coverage by the Act.

The conditions of Section 270 referred to for the removal of disqualification under Section 263, is "by agreement, expressed or implied."

It appears that the questions presented, after concession by appellee, are: (1) Though specifically disqualified from application of the Workmen's Compensation Act by Section 263, does Section 270 allow an employee of a common carrier, while engaged in interstate commerce to remove such disqualification by agreement with his employer, either express or implied?

(2) Does acceptance and retention of payments from the employers compensation carrier constitute such agreement, express or implied?

(3) If the answer to questions 1 and 2 are in the affirmative, do the reimbursement provisions of Section 312 apply?

It appears that a negative answer to the first question would dispose of questions 2 and 3.

Section 263 as above quoted begins by unqualifiedly stating that the Workmen's Compensation Act "shall not be construed or held to apply" to certain specified categories of employees and employers. It follows with conditions for acceptance of the provisions of the Act by two categories of those employers disqualified in the beginning. It ends with a categoric denial of application of the Act to farmers and their employees. The last sentence applicable to farmers and their employees is used by appellee to contend that the disqualification of farmers and their employees is more specific than the disqualification of those named in the first sentence. It is argued that it is because those first disqualified are not so strongly disqualified as the lat-

ter, that they are allowed to remove such disqualification by the agreement, express or implied, provided for in Section 270. It is conceded that Section 270 could not apply to farmers or their employees.

Appellee submits the decision of the Supreme Court in the case of Ivey v. Dixon Investment Company, 283 Ala. 590, 219 So.2d 639, as support for this position.

There is no doubt that the decision in Ivey v. Dixon Investment Company, supra, does hold that the language of the last sentence of Section 263 as to farmers and their employees so clearly expresses the intent and policy of the legislature that it prevents an agreement, express or implied, to become subject to the Act. It appears from the tenor of the opinion in *Ivey* that there is inferred the wording of the last sentence of Section 263 was given added emphasis over that of the first by the fact that it was added to the section by amendment. Such inference arises by the following statement in the opinion:

> "The last sentence of Section 263, 'In no event nor under any circumstances shall articles 1 and 2 of this chapter apply to farmers and their employees,' was added by Act No. 661, approved July 10, 1940, effective 1 January 1941. See 1939 Acts of Alabama, page 1036."

We must respectfully disagree with the accuracy of that statement. Our research discloses that the last sentence was not added by amendment of the legislature in 1939, but rather has been a part of Section 263 since the origin of the Workmen's Compensation Act in 1919. General Acts of Alabama 1919, page 208. This inaccuracy does not affect the decision. The change to the section in 1939 was only to reduce the minimum number of employees from 16 to 8. Therefore, any added weight to be given to the last sentence over the first could not come from subsequent amendment.

We can find nothing in the legislative journals of 1919 to indicate the reason for the insertion of the last sentence. From some experience with legislative process, we can speculate that it was added by a farm oriented legislature to insure that farmers were not to be affected by the Act and to remove any uncertainty that the category of farm laborer in the first sentence was sufficiently inclusive.

The Alabama Workmen's Compensation Act was largely borrowed from that of Minnesota. The last sentence of Section 263 did not come from the Minnesota Act. Neither was the exclusion of coverage of all common carriers while engaged in interstate commerce a part of the Minnesota law. The exclusion of common carriers in the Minnesota law was only as to common carrier by steam railroad. Section 4268, General Statutes of Minnesota, 1923. We must assume some legislative purpose in such departure from the model act.

Another inference contended, raised by *Ivey,* is based upon the emphasized words in the following quotation:

> "(2) This language could not be clearer in setting forth the intent and policy of the legislature that farmers and their employees are disqualified from the operation of our Workmen's Compensation laws, and would prevent an agreement, expressed or implied, between the employer and employee to become subject to the provisions of the Workmen's Compensation law as may be done in appropriate cases under the provisions of Section 270 of Title 26."

Appellee contends that the meaning of this portion of *Ivey* is that any employer and employee, other than farmers and their employees, in spite of disqualification by Section 263, may by agreement under Section 270 accept coverage. We cannot agree such to be the result of the above statement from *Ivey.*

We admit to difficulty of explanation arising from the following statement from *Ivey:* "Section 270, Title 26, provides a method by which those employments excepted in a general way by Section 263,

may come within the coverage of the Act." We must consider this statement obiter dictum, as its declaration was not necessary to the issue decided and since *Ivey* does not refer at any point to the decision of the Supreme Court in the case of Ellison v. Butler, 271 Ala. 399, 124 So.2d 88.

■ It appears to be a common impression that the Workmen's Compensation law is mandatory as to all employers and employees not specifically excluded therefrom. It is not. It is an elective remedy merely substituted at the election of both employer and employee for other existing remedies under the Employer's Liability Act and common law. Section 270 does not provide for qualification of those previously disqualified by Section 263, but is merely expressive of conditions precedent to becoming subject to the Act if not disqualified from acceptance. This meaning of Section 270 was clearly pointed out in the following statement in Ellison v. Butler, supra:

"(2–5) Petitioner next contends that the Workmen's Compensation Act is applicable in this case even if there had been no estoppel. This proposition is based upon certain language contained in Section 270, Tit. 26 of the Code, quoted from above, viz: 'If both employer and employee shall, by agreement, expressed or implied, * * * become subject to this article, compensation, according to the schedules * * * shall be paid', etc., and it is argued that the bargaining agreement is just such an agreement as is contemplated in said § 270. This is not a correct interpretation of the quoted part of that statute. It must be borne in mind that the Compensation Act is elective, and to be constitutionally valid must be accepted by both employer and employee. Gentry v. Swann Chem. Co., 234 Ala. 313, 174 So. 530. The language quoted from § 270 is merely the statement of a condition precedent to the substitution of the remedy provided by the Compensation Act for other existing remedies, such as the Employer's Liability Act or the common law, such condition being that both employer and employee have, as provided by the Act, become subject to it. Section 263 of the chapter expressly excludes employers of less than eight persons unless they affirmatively elect to accept in the manner prescribed by said section. Section 273 creates a presumption that *all contracts of employment* made after a stated date are made subject to the Act unless otherwise expressly stated in the contract or unless notice be given by either party to the other that he does not accept the provisions of the Act. The words 'all contracts of employment' are necessarily modified by the exclusionary provision in § 263, and provisions in both §§ 263 and 273 for withdrawal of acceptance by either party. Section 270, by the words 'agreement, expressed or implied', simply means an acceptance or election by affirmative action or one implied by law from failure to express nonacceptance as provided by the Act. * * *"

If the exclusionary provisions could be eliminated in any manner, they would be removed by the presumption created by Section 273, which provides that all contracts of employment after January 1941 shall be presumed to have been made subject to the provisions of the Act, unless otherwise expressly stated in writing. Such is not the case, for as pointed out in *Ivey*, the sections of the Act are read in pari materia and as stated in *Ellison* Sections 273 and 270 are subject to the exclusionary provisions of Section 263.

We think it clear that Section 270 does not modify the specific exclusions of Section 263, but is merely declaratory of the elective requirements of the Act. Those employers and employees, not disqualified from election, must by agreement, expressed or implied, or by the presumption of Section 273, elect to accept the provisions of the Workmen's Compensation law.

We have researched the cases since the inception of the Act, and we have found

no case in this state which has held the Act applicable to any of those excluded by Section 263.

Appellee contends that National Cast Iron Pipe Co. v. Higginbottom, 216 Ala. 129, 132, 112 So. 734, holds that a "casual" employee, though excluded by Section 263, by accepting compensation impliedly agreed to come under the Act. He is incorrect. The court there specifically found from the evidence that *Higginbottom* was not a casual employee, and his employment was not without the usual course of the employer's business. He was therefore not excluded from accepting the provisions of the Act.

Though we hold that an employee of a common carrier doing an interstate business while engaged in interstate commerce cannot elect to be subject to the provisions of the Workmen's Compensation Act, we do not intend to imply that he and his employer could not elect to be subject to the provisions of the Act for injury occurring in the course of his employment while not engaged in interstate commerce. Birson v. Decatur Transfer & Storage, 271 Ala. 240, 122 So.2d 917; Kasulka v. Louisville & N. R. Co., 213 Ala. 463, 105 So. 187.

■ Since we have decided that appellant Steele could not elect to accept the provisions of the Workmen's Compensation Act, his retention of payments made under the Act could not imply such election. Thus, question (2), posed hereinabove is answered in the negative. Ivey v. Dixon Investment Co., supra.

■ The third proposition as to whether there is a right of reimbursement of payments made as compensation to Steele by Aetna under the provisions of Section 312, must also be answered in the negative. The right of subrogation granted by Section 312 can only be available to those subject to the provisions of the Act. It is clearly stated that the right extends only to instances where injury or death occurs under circumstances for which compensation is payable under article 2 of the Act.

The rights and remedies granted by the Act are available only to those qualified thereunder and are exclusive as to those subject to it. Riley v. Perkins, 282 Ala. 629, 213 So.2d 796.

We do not intend to infer that an employer is without a remedy to recover payments intended as compensation paid and accepted under the mistaken belief that there is coverage under the Workmen's Compensation Act. We presume remedy available at common law.

However, as we observed at the beginning of this opinion, appellee Aetna, though framing its action in the form of a common count tried the case in the trial court and conceded on appeal that the remedy pursued was that given under Section 312 of Title 26. Appellee has no remedy under Section 312, and the judgment granted thereon below cannot stand.

Reversed and remanded.

THAGARD, P. J., dissents.

THAGARD, Presiding Judge (dissenting).

This case was originally assigned to the writer of this dissenting opinion. A portion of what follows was included in what I wrote in what I hoped and expected would be the opinion of the court and a portion is directed toward what I believe to be the errors of my brothers in their conclusions. They have quoted most of the pertinent statutes, so when I refer to the statutes by number I refer to them as quoted in the majority opinion. The majority opinion well stated the case and the issues. I have nothing to add thereto except to say that § 273 of the Workmen's Compensation Act must be given consideration in arriving at the intention of the Legislature in passing the original Act in 1919 and in bringing forward the greater part of the Act into the present Act without major changes, except as to the nature and amount of benefits.

Section 273 of the present Act reads as follows:

"Presumption as to acceptance of provisions of article; election not to accept. —All contracts of employment made on or after the first day of January, 1941, shall be presumed to have been made with reference to and subject to the provisions of this article unless otherwise expressly stated in the contract in writing, or unless written or printed notice has been given by either party to the other, prior to the accident, as hereinafter provided, that he does not accept the provisions of said article. All contracts of employment made prior to, and existing on, the first day of January, 1941, shall be presumed to continue from and after the first day of January, 1941, subject to and under the provisions of this article, unless on or prior to said date, the parties have expressly agreed in writing to the contrary, or unless written or printed notice has been given by either party to the other, prior to the accident, as hereinafter provided, that he does not accept the provisions of said article. Every employer and every employee shall be presumed to have accepted and come under this article and the provisions thereof relating to the payment and acceptance of compensation, unless, prior to the accident resulting in personal injury or death, he shall have given notice, as hereinafter provided, of his election not to accept or be bound by the provisions of said article."

It is said in the majority opinion that, "It appears to be a common impression that the Workmen's Compensation law is mandatory as to all employers and employees not specifically excluded therefrom. It is not. It is an elective remedy merely substituted at the election of both employer and employee for other existing remedies under the Employer's Liability Act and common law. Section 270 does not provide for qualification of those previously disqualified by Section 263, but is merely expressive of conditions precedent

to becoming subject to the Act if not disqualified from acceptance." Then the majority quotes from Ellison v. Butler, 271 Ala. 399, 402, 124 So.2d 88, the pertinent quotation therefrom being, "It must be borne in mind that the Compensation Act is elective, and to be constitutionally valid must be accepted by both employer and employee." But what do the employer and employee do to signify their election? Nothing. They get in by operation of law. If they want out, they may so elect, in which event they must comply with certain statutory requirements. Section 273 then "dragnets" all except those exempted or excluded by § 263, and those who elect to get out and comply with the requirements of the law for getting out. And this is accomplished by a "presumption" statute.

Now let us advert to the language of § 263. My brothers have construed the first sentence thereof to be an "exclusionary clause." I freely confess that in my original opinion I also referred to it as an "exclusionary clause", but not such an exclusion as would preclude the categories of employment therein set out from coming in by agreement under § 270. But now, having more carefully read § 263 in *pari materia* with § 273, and having noted that in § 263 the Legislature used the words "shall not be *construed* or *held* to apply * * *" and in § 273 the Legislature used the words "shall be *presumed*" (emphasis supplied in both quotations), I have reached the conclusion that it was the intention of the Legislature to *exempt,* but not necessarily to *exclude* certain categories of employment from the *presumption* created by § 273. (Emphasis supplied) The opinion of the majority also uses the word "disqualification" in discussing the meaning of § 263. I think there is a considerable difference in saying that the law "shall not be construed or held to apply" to certain categories of employment and saying that certain categories of employment "shall be excluded" from the operation of the law. I say this with full knowledge that the Supreme Court in Ellison v. Butler, supra,

used the words "exclusions" and "exclusionary provisions" a number of times, but in that opinion the court was not called upon to determine whether the first sentence of § 263 was an out-and-out exclusionary clause or simply an exemption from the presumption created by § 273. And we note, parenthetically, that in Ellison v. Butler, supra, the court said:

> "Section 270, by the words 'agreement, expressed or implied', simply means an acceptance or *election by affirmative action* or one implied by law from failure to express nonacceptance as provided by the Act. * * *" (Emphasis supplied) (271 Ala. at pages 402 and 403, 124 So. 2d at page 91)

"Fail[ing] to express nonacceptance as provided by the Act" undoubtedly has to to with those who are presumed to be brought in by § 273. But what did the court mean by "an acceptance or election by affirmative action?" No affirmative action is necessary by those who are "presumed" to be included. Then the court must have had in mind those categories exempt under the first sentence of § 263 and not included in the second and last sentences of § 263.

Both sides have cited and discussed at some length in their briefs the recent case of Ivey v. Dixon Investment Company, 283 Ala. 590, 219 So.2d 639. The *Ivey* case involved the question of whether a farm employee, through his acceptance and retention of Workmen's Compensation benefits, was made subject to the Workmen's Compensation Act so as to preclude the maintenance of his suit against his employer under the Alabama Employer's Liability Act. The Supreme Court stated in that case that §§ 263 and 270 are read together, the sections being in *pari materia*. However, the court held that the last line of § 263 prevented a farm employee from agreeing under § 270 to be subject to the Act. The opinion thus states at page 594, 219 So.2d at page 642:

> "This language [the last sentence of § 262] could not be clearer in setting forth

the intent and policy of the legislature that farmers and their employees are disqualified from the operation of our Workmen's Compensation laws, and would prevent an agreement, expressed or implied, between the employer and employee to become subject to the provisions of the Workmen's Compensation law *as may be done in appropriate cases under the provisions of Section 270 of Title 26."* (Emphasis supplied)

But the court went on to say at page 595, 219 So.2d at page 644:

> *"Section 270, Title 26, provides a method by which those employments excepted in a general way by Section 263, may come within the coverage of the Act."* (Emphasis supplied)

It is clear from the reading of *Ivey* that the court based its opinion on the last sentence of § 263, asserting that this provision absolutely barred farm employees from Workmen's Compensation coverage under any agreement or contract, whether expressed or implied. The court's dicta, however, supports the theory that other employments exempted in the first part of the section could, in the event of compliance with § 270, come under the Workmen's Compensation Act.

I think that a review of the Workmen's Compensation Act as it was originally passed by the Legislature in the Regular Session of 1919 (Act No. 245, General Acts of 1919 Session, p. 206); and an analysis of the pertinent sections of the original Act and of the statutory law as it existed at the time this case arose will be of assistance in arriving at the legislative intent.

The original Act, as does the law now, consisted of two parts, as follows: "Part 1.—*Compensation by Action at Law—Modification Remedies."*; and "Part 2.—*Elective Compensation."*

My concern is with Part 2 of the Act. The first section of Part 2, being § 8 of the original Act and only slightly different

from § 263 of the Act as it appears in the 1958 Recompiled 1940 Code of Alabama, the latter of which is set out in the majority opinion.

The language and substance of § 8 of the original Act is the same as § 263 of the present law, except that §.8 of the original Act excluded employers of fewer than sixteen employees in any one business, and the second sentence thereof provided for the method by which the employer of fewer than sixteen employees in one business might elect to come under the Act, while § 263 of the current law substitutes eight employees for sixteen.

. Sections 264 to 269, inclusive, were not in the original Act but have since been added by a series of amendments.

Section 9 of the original Act has been brought forward unchanged as § 270 of the 1958 Recompiled Code of Alabama of 1940, the pertinent part of which is quoted in the majority opinion.

Section 10 of the original Act has been brought forward without change as § 271 of the Act as it appears in the Recompiled Code. This § 10 (§ 271 of the Code) is relevant to this case only in that it may throw some light on the legislative intent as to § 270, but will come in for some discussion later.

It will be observed that §§ 263, 270 and 271 of the Recompiled Code appeared consecutively in the original 1919 Act as §§ 8, 9, and 10. I think that this fact alone indicates that the Legislature intended that §§ 9 and 10 were to be construed to be applicable to at least a part of § 8. Hereafter, I shall refer to these sections by their numbers in the Recompiled Code.

Under the provisions of § 273 of Tit. 26 of the 1958 Recompiled Code all employers and employees, except those exempted by § 263, come under and are subject to the provisions of the Act. Construing §§ 263 and 273 together, we find that there are at least two contracts of employment that are or may be subject to the provi-

sions of the Act, viz: (1) All of those not exempted by the provisions of § 263; and (2) Those permitted to come under the Act by the election of the employer; namely, those employing fewer than eight employees, and the various governmental subdivisions. But the exemption provision of § 263 also exempts employees of common carriers while engaged in interstate commerce, domestic servants, farm laborers, and persons whose employment is casual. And the exemption section also provides the method by which employers of less than eight employees and the various governmental subdivisions may elect to come under the Act, thereby bringing all of their employees under the Act, except those individual employees who elect not to come under the Act by giving the notice required by § 273. But, what about the other classes of employment that are named in the exemption clause? As to one of them, farm employment, the Legislature nailed it down that that particular exemption was completely excluded and was not to be brought under the provisions of the Act by agreement or otherwise. To me this would indicate that the Legislature did not intend to make it illegal for the other exempt classes to be brought in by agreement. While making farm employment so excluded as to make it illegal, even by agreement of both parties, the Legislature could so easily have added those other exempt categories of employment if it intended also to make it illegal to bring them under the provisions of the Act. I realize that the same logic would apply to the failure of the Legislature to provide a method by which employers in those other exempt classes might elect to "come under." But I think that is wherein §§ 270 and 271 are applicable. I think that as to employers of fewer than eight employees and also governmental subdivisions, the Legislature intended that they alone have the right to elect to "come under", thereby placing upon their employees the burden of taking positive action to "come from under"; whereas, § 270 furnished the method by which those

other exempt classes of employment might be brought under the provisions of the Act if both employer and employee wanted and agreed so to do, by agreement, either expressed or implied.

That § 270 was intended to apply to some classes of employment is fortified by the provisions of § 271, which in effect prohibits the making of an agreement embracing only a part of the Act or changing the amount of compensation payable. Evidently, the purpose of this section was to prevent employers, who are in most instances better bargainers than are individual laborers, from persuading individual employees from agreeing to less favorable conditions or benefits than those provided by the Act.

But for the statutory exemptions all contracts of employment would be subject to the provisions of the Act. If appellant's position is correct, only four categories of employment are placed beyond the pale of the Act, viz: (1) That of common carriers doing an interstate business while engaged in interstate commerce; (2) domestic servants; (3) farm laborers, who were placed outside the pale by the last sentence of § 263; and (4) employees whose employment is casual. Those under category (1) constitute the only class whose members now exist in substantial numbers. In trying to fathom the legislative intent, one can but wonder why the Legislature would have put employees of common carriers in interstate commerce beyond the pale when it expressly included, by § 273, manufacturers, merchants, operators of mines, and many other employments engaged in interstate commerce, who operate motor carriers in interstate commerce.

At the risk of being somewhat repetitious, we observe that by the first sentence of § 263 the Legislature separated some categories of employment from *all* categories of employment embraced in § 273. Then by the second sentence it provided a method by which some of the categories exempted by the first sentence might

become included. Then, by the last sentence it provided that one category, farm laborers, could not under any circumstances be included. That left only common carriers engaged in interstate commerce, domestic servants, and casual employees undisposed of. And I think it left only those three categories to which the provisions of §§ 270 and 271 might possibly apply. In Standard Oil Co. of Kentucky v. State, 218 Ala. 243, 118 So. 281, it was said:

"It is not to be presumed the Legislature has used language without any meaning or application whatever." (218 Ala. at page 245, 118 So. at page 282)

I have searched in vain for an Alabama statute or appellate decision that says that common carriers and their employees may not by contract or agreement be subject to the provisions of the Workmen's Compensation Act. I have also searched my mind for a category of employment to which §§ 270 and 271 may be applied except the three not finally disposed of by § 263 and have thought of none. Therefore, I perforce must believe that common carriers engaged in interstate commerce and their employees may by agreement, expressed or implied, become subject to the provisions of Article 2 of the Workmen's Compensation Act.

What object could the Legislature have had in including the last sentence of § 263 if no election under § 270 was possible? The opinion of the majority attributes its inclusion to the assumption that it was done by a farm oriented Legislature to insure that farmers were not to be affected by the Act and to remove any uncertainty that the category of farm laborer in the first sentence was sufficiently inclusive. It is my belief that that part of the Legislature that was farm oriented looked at § 270 with a jaundiced eye and added the last sentence of § 263 to make certain that no farmer's laborers would ever assert that they had made an agreement with the farmer under the provisions of § 270.

There is one final reason why I am so obstinate in my belief that the exempt categories of § 263, particularly common carriers in interstate commerce, may avail themselves of the provisions of § 270. I observe that intrastate motor vehicle carriers were not put under the jurisdiction of the Public Service Commission until 1931. Tit. 48, § 239, of the 1940 Code of Alabama. By inference then, as well as by common knowledge, I know that there were few, if any, interstate carriers of freight by motor vehicles in Alabama in 1919. Also, I know that in 1919 railroad employees were covered by and had the benefits of the Federal Employees' Liability Act, the provisions of which to this good day do not apply to employees of motor carriers engaged in interstate commerce. The fair assumption then is that the Legislature exempted employees of common carriers from the Workmen's Compensation Act because they consisted almost exclusively of railroad employees, who were already protected by the provisions of the Federal Employees' Liability Act. I confess that I am now speculating, but it is my guess that sometime between 1919 and the present time the number of employees of motor carriers engaged in interstate commerce has overtaken and far outnumbered the number of railroad employees so engaged. Yet railroad employees have the benefit of F. E. L. A., while employees of motor carriers have only the common law or Article I of the Workmen's Compensation law, encumbered with all of their burdens of proof. If the holding of the majority opinion is correct, why has not the Legislature done something about the inequalities that exist between railroad employees and motor carrier employees, though it has met many times and amended the Workmen's Compensation Act many times in the interim? I think the answer is simply that the succeeding Legislatures and common carriers engaged in interstate commerce have construed § 270 to mean what it says and have thought that no amendment was necessary.

For the reasons hereinabove expressed, though feebly, I respectfully dissent from the majority opinion in this case. As the majority opinion must prevail I pretermit any discussions of the other two questions posed in this case.