322 So.2d 723
**THOMPSON–HAYWARD CHEMICAL COMPANY**

v.

**William R. PETERSON.**

**Civ. 531.**

Court of Civil Appeals of Alabama.

July 9, 1975.

Rehearing Denied Sept. 24, 1975.

Dunn Porterfield, McDowell, Scholl & Clark, Birmingham, for appellant.

Huie, Fernambucq, Stewart & Smith, Birmingham, for appellee.

HOLMES, Judge.

This is a workmen's compensation case.

Two issues are raised by the argued assignments of error of appellant-employer. The first is whether or not the trial court erred in holding that the appellee-employee suffered a 25% loss of earning capacity as a result of the accident. The second is whether the trial court erred in requiring payment in a lump-sum pursuant to Tit. 26, § 279(C), par. 9, Code of Ala.1940 (Recomp. 1958), without commutation.

The tendencies of the evidence, as revealed by the record, indicate the following:

Appellee was employed as a truck driver by appellant on October 1, 1973, and was driving a load of nitric acid. An explosion occurred during the unloading of the nitric acid and appellee was severely burned, suffering second and third degree nitric acid burns.

The attending physician, Dr. Thuss, testified that appellee had second degree nitric acid burns on his left upper extremity, including his hand, his left lateral trunk, left posterior lateral extremity, and scattered splotchy burns of his head and right upper extremity.

Appellee was treated on an outpatient basis. Appellee received his "back to work slip" on February 21, 1974, and was discharged May 14, 1974. He was seen some twenty-two times. It was necessary for skin to be grafted from the right leg to under the left arm.

Since January 1974, appellee testified he attempted employment as a truck driver and freight handler but has had to give these efforts up.

■ The award made to appellee was made for permanent partial disability to the body under § 279(C), par. 6. Appellant contends that all the evidence indicates that the disability is confined to the left arm and, as such, should be awarded under Tit. 26, § 279(C), par. 1. Appellant further contends that the evidence indicates that appellee is actually only temporarily partially disabled as specified in Tit. 26, § 279(B). An additional contention is that the medical testimony is to the effect that appellee's disability is not such as to interfere with his duties as a truck driver.

The question then is whether the trial court's award of compensation based on a 25% loss of earning capacity is supported by competent evidence.

The established rule of review in workmen's compensation cases is, as stated in *Goodyear Tire & Rubber Co. of Ala. v. Downey,* 266 Ala. 344, 349, 96 So.2d 278, 282:

> " 'On certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support facts found by the trial court, and this rule applies when the award or compensation is denied as well as where there has been a judgment favorable to the plaintiff. Our review here on certiorari is confined to questions of law apparent upon the face of the record. * * *

" 'Where testimony is conflicting, but there is testimony supporting the finding of the trial court in proceedings under the Workmen's Compensation Act, such finding is conclusive. * * ' " (Quoting from *Bass v. Cowikee Mills,* 259 Ala. 391, 393, 67 So.2d 12, 13)

The trial judge made the following detailed findings of fact:

"The Court finds that the plaintiff sustained very serious burns which covered a substantial portion of his body. The burns left disfiguring scars but all of the scars are covered by his normal clothing and, therefore, do not from a cosmetic standpoint affect his employability. The scars do, however, cause functional disability in that they are sensitive to heat and to clothing; they cause a loss of motion in the shoulder; they make it difficult for the plaintiff to sit for an extended period of time. They also rendered the plaintiff less able to perform the work of a truck driver such as loading trucks; changing tires; crawling up under trucks for the purpose of making routine repairs, . . .

"The defendant contends that the disability is limited to the arm, but the Court finds that the disability extends to the body as a whole and as a matter of fact the arm itself received very little injury. The inability to use the arm results from the scaring [sic] under the armpit and around the chest wall. The Court finds that the plaintiff has sustained a permanent partial disability of the body which has resulted in a 25 per cent loss of earning capacity and that he is due to be compensated on that basis."

A review of the evidence does reveal evidence which, in light of the aforementioned rule of review, requires affirmance by this court.

The appellee testified that his loss of movement in his left arm affects his ability to drive a truck. He cannot fully raise his arm. His testimony indicates that his working skill is limited to that of a manual laborer, truck driver and mechanic. He further testified he is unable to put weight on the back of his left leg or to sit for an extended period of time due to the sensitivity resulting from the burn.

Dr. Francis Marzoni's deposition, read into evidence, indicates the following:

Appellee is unable to raise his arm over his head and, in fact, can barely raise it to shoulder level—about 100 degrees. He has a limited ability to withdraw his arm away from his side. Appellee has a 50% physical disability of the left upper extremity, which is the whole limb and includes not only the arm but also the forearm and hand. As a result of his healed burns, appellee is sensitive to heat and sunshine. He has a 75% cosmetic disability. The loss of left extremity, in considering all duties of a truck driver other than merely driving, would affect his employment.

The deposition of Dr. William G. Thuss, Jr., admitted into evidence, reveals the following:

Appellee can only raise his arm 135 degrees from his side. Appellee has a 25% physical disability to his upper left extremity according to Dr. William G. Thuss, Jr., and a 10% loss of the upper left extremity, according to Dr. Thuss's brother. Appellee's scars are sensitive to clothes, touch, and sunlight. He does have some permanent disability now as a result of not having complete use of his arm again.

Dr. Thuss did testify that this condition *should* disappear eventually, but he did not know how long it would take. It would require vigorous work and pain on the part of appellee. It would be necessary to stretch the arm up to where it hurt and keep stretching it. Appellee has, on one earlier occasion, tried to stretch his arm up resulting in the skin under the arm bursting open.

Appellee's inability to raise his arm completely would interfere with his loading and

**436**

unloading a truck. It would interfere with his climbing up on the back of a trailer and unloading things or climbing up on tanks and opening and closing valves in that if he extended his arm up it would hurt him. If he couldn't reach his hands up it would affect his employability.

We also note that during the trial the trial judge physically examined the employee.

Summarizing, as seen from the above, there is evidence, in light of the aforementioned rule of review, indicating a 25% loss of earning capacity as found by the trial judge.

The second issue raised by appellant is the trial judge erred in ordering a lump sum payment to appellee without commutation. Appellant argues that Tit. 26, § 279 (C), par. 9, Code of Ala.1940 (Recomp. 1958), which authorizes such payment is unconstitutional and that § 279(C), par. 9 should apply only to cases pending in payment at the time of its enactment, and not to cases arising after § 279(C), par. 9 became law.

These very issues have already been presented to and decided by this court. In *B. F. Goodrich Company, a corporation v. Butler*, 56 Ala.App. 635, 324 So.2d 776 (decided May 7, 1975), this court held Tit. 26, § 279(C), par. 9, to be constitutional. Additionally, in *Ex parte: Mar-Mil Steel and Supply Company*, 54 Ala.App. 432, 309 So.2d 471, and *B. F. Goodrich Company, supra*, we held this section does *not* apply to cases already in the payment stage at the time of its enactment but to cases arising after it became law.

The judgment is due to be and is, therefore and accordingly, affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.