981 So.2d 434 (2007)
Teresa WARD
v.
CHECK INTO CASH OF ALABAMA, LLC.
2060820.
Court of Civil Appeals of Alabama.
September 14, 2007.
*435 Lawrence T. King and Lindsey O. Hill of King, Horsley & Lyons, LLC, Birmingham, for appellant.
Anthony N. Fox of Scott, Sullivan, Streetman & Fox, P.C., Birmingham, for appellee.
MOORE, Judge.
Teresa Ward ("the employee") appeals from the Chambers Circuit Court's May 17, 2007, order compelling her to submit her workers' compensation claim to arbitration. We reverse and remand.

Facts and Procedural History
On November 7, 2006, the employee filed a complaint in the Chambers Circuit Court claiming that Check Into Cash of Alabama, L.L.C. ("the employer"), owed her workers' compensation benefits as a result of an accidental injury that allegedly arose out of and in the course of her employment with the employer on July 29, 2005. On December 5, 2006, the employer filed an answer, admitting that the employee *436 had sustained a work-related injury as alleged in the complaint but denying that it had failed or refused to pay the benefits due the employee.
On January 12, 2007, the employer filed a motion to stay the litigation and to compel arbitration. In that motion, the employer asserted that on June 23, 2005, the employee had signed an "Employment, Confidentiality and Non-Compete Agreement" that contained an arbitration agreement providing, in pertinent part:
"Employee agrees that any employment-related dispute, controversy or claim that Employee may have with the Company . . . shall be resolved only through arbitration and not through litigation in federal, state or local court.

"Employee agrees that he/she cannot bring any claim or lawsuit in federal, state or local court involving . . . employment . . . with the Company including, but in no way limited to, . . . statutory . . . claims under . . . state . . . law."
(Emphasis in original.) The employer asserted that the arbitration agreement precluded the employee from pursuing her claim for workers' compensation benefits in any forum other than through binding arbitration.
On April 9, 2007, the employee filed a brief in opposition to the motion to compel arbitration. On May 17, 2007, the trial court heard oral arguments on the motion. On May 21, 2007, the court entered an order granting the motion to compel arbitration and appointing Robert C. Finley, the mayor of Lafayette, Alabama, as the arbitrator. On June 11, 2007, the employee filed a notice of appeal in the Chambers Circuit Court.

Standard of Review
We conduct a de novo review of a trial court's order compelling arbitration. Smith v. Mark Dodge, Inc., 934 So.2d 375, 378 (Ala.2006).
"The party seeking to compel arbitration must first prove both that a contract calling for arbitration exists and that the contract evidences a transaction involving interstate commerce. . . . Once this showing has been made, the burden then shifts to the nonmovant to show that the contract is either invalid or inapplicable to the circumstances presented."
Smith, 934 So.2d at 378.

Analysis
The employee concedes that the employer proved the existence of an arbitration agreement contained in a contract affecting interstate commerce. However, the employee maintains that the arbitration agreement does not cover her workers' compensation claim because, she contends, (1) Congress did not intend that state workers' compensation claims would be subject to arbitration when it passed the Federal Arbitration Act ("the FAA"), 9 U.S.C. § 1, et seq., (2) the arbitration agreement violates state public policy and, therefore, cannot be enforced, (3) the arbitration agreement violates Alabama law and, therefore, cannot be enforced, and (4) the arbitration agreement is ambiguous as to its scope and the ambiguity should be resolved against arbitration. We find the last issue to be dispositive of the case.
The employee argues that because the terms of the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975 ("the Act"), are implied in every employment contract in the state, any express agreement to arbitrate employment-related claims creates a "patent ambiguity" that should be resolved against the drafter and, hence, against arbitration. The employer asserts that this court has already rejected all of the employee's arguments, *437 presumably including the ambiguity argument, in Ryan's Family Steakhouse, Inc. v. Kilpatric, 966 So.2d 273 (Ala.Civ.App. 2006), cert. denied, Ex parte Kilpatric, 966 So.2d 292 (Ala.2007). However, in Kilpatric neither party raised the ambiguity argument made by the employee in this case. Hence, we consider that argument for the first time on this appeal.
The employee cites numerous cases for the proposition that the terms of the Act are to be read into every employment contract made in this state. See Ex parte Southern Energy Homes, Inc., 603 So.2d 1036, 1039 (Ala.1992); Reed v. Brunson, 527 So.2d 102, 108 (Ala.1988); Tennessee Coal & Iron Div., U.S. Steel Corp. v. Hubbert, 268 Ala. 674, 677, 110 So.2d 260, 263 (1959); Harris v. National Truck Serv., 56 Ala.App. 350, 321 So.2d 690 (Civ.1975); and Owens v. Ward, 49 Ala.App. 293, 271 So.2d 251 (Civ.1973). The employee is correct insofar as those cases relied on earlier versions of the Act. The Act formerly provided that it became effective "[i]f both employer and employee, by agreement, expressed or implied, . . . become subject to this article." Ala.Code 1940 (Recomp.1958), Tit. 26, § 270 (before 1973 amendment). The Act further provided that "[a]ll contracts of employment . . . shall be presumed to have been made with reference to and subject to the provisions of this article." Ala.Code 1975, § 25-5-54 (before 1992 amendment); see also Ala. Acts 1919, Act No. 245. Accordingly, the appellate courts of this state held that the Workmen's Compensation Act was completely elective in nature. See Ellison v. Butler, 271 Ala. 399, 124 So.2d 88 (1960); and Steele v. Aetna Cas. & Sur. Co., 46 Ala.App. 705, 248 So.2d 745 (Civ. 1971). Not surprisingly, therefore, in Chapman v. Railway Fuel Co., 212 Ala. 106, 109, 101 So. 879, 881 (1924), our supreme court held that the terms of the workmen's compensation laws "become part and parcel of the express or implied agreement between the parties. . . .," as the employee asserts.
Section 25-5-51 of the current Act now provides that the compensation article becomes effective "[i]f an employer is subject to this article." Section 25-5-54 now provides that "[e]very employer and employee, except as otherwise specifically provided in this article, shall be presumed to have accepted and come under this article." Because of those changes, the Act no longer expressly provides that the parties must agree to become subject to the terms of the Act, and the Act no longer expressly states that the terms of the workers' compensation laws are to be read into every employment contract made in the state.
Nevertheless, the current Workers' Compensation Act still retains the basic elective nature of the original Workmen's Compensation Act. Instead of requiring the parties to agree to coverage, however, the Act generally presumes that every employer and employee, except those specifically excluded from coverage, has accepted the provisions of the Act. Ala.Code 1975, § 25-5-54. This presumption may be overcome by evidence indicating that the employer has elected not to accept coverage by notifying its employees in writing and posting a notice to its employees and applicants that workers' compensation insurance coverage is not available. Ala. Code 1975, § 25-5-50(a). In other words, covered employers may still "opt out" of coverage.
Because the Act remains elective, or contractual, in nature, the basic tenets of Chapman, supra, and its progeny remain unchanged. By entering into an employment contract, the parties presumably consent to the terms of the Act unless the employer specifically opts out of coverage. Accordingly, except in cases in which *438 the employer has complied with the opt-out provisions of the Act, the terms of the Act are implied in an employment contract. Chapman, supra. Because the record contains no evidence indicating that the employer in this case has opted out of coverage under the Act, the terms of the Act must be read into the employment contract between the parties.
Reading the terms of the Act into the contract between the parties, and giving full effect to the implied part of the contract, see Berry v. Druid City Hosp. Bd., 333 So.2d 796 (Ala. 1976) (holding that implied contracts have legal effect equal to express contracts), does indeed create an ambiguity. On the one hand, the Act provides that controversies between the parties regarding workers' compensation benefits shall be decided by the appropriate circuit court, whose order shall be conclusive and binding, subject only to the right of appeal, Ala.Code 1975, § 25-5-81(a)(1).[1] The Act further provides that the method for enforcing compensation rights shall be exclusive of all other methods for enforcing compensation rights. Ala.Code 1975, §§ 25-5-52 and -53. On the other hand, the arbitration agreement states that all employment-related disputes between the parties shall be decided exclusively by binding arbitration, with no right to an appeal.
When faced with an ambiguity in a contract, the duty of the court is not to revoke the entire agreement, but to resolve the ambiguity to give effect to the intent of the parties. BellSouth Mobility, Inc. v. Cellulink, Inc., 814 So.2d 203 (Ala. 2001). The employee urges the court to simply construe the ambiguity against the employer who drafted the arbitration agreement; however, our supreme court has held that an agreement should only be construed against the drafter as a last resort when no other principles of contract construction can resolve the ambiguity. Cavalier Mfg. Co. v. Clarke, 862 So.2d 634, 642 (Ala.2003). Thus, we must decide whether other rules of contract construction resolve the ambiguity.
One rule of contract construction holds that a specific provision prevails over a general provision relating to the same subject matter. See ERA Commander Realty, Inc. v. Harrigan, 514 So.2d 1329 (Ala.1987); In re Marriage of Crowder, 77 P.3d 858 (Colo.Ct.App.2003). In this case, the parties have entered into an express agreement generally providing that all employment-related disputes shall be decided by binding arbitration. However, the parties have also entered into an implied agreement specifically providing that all workers' compensation claims shall be decided according to the terms of the Act. Therefore, the specific agreement, treating one subset of employment-related disputes differently, governs. Based on this rule of contract construction, the ambiguity is resolved by finding that the parties did not agree to arbitrate workers' compensation claims.
The dissent argues that the use of the Latin maxim expressio unius est exclusio alterius resolves the ambiguity in favor of arbitration. Under that maxim, the specific mention of one class of things implies the exclusion of those items not mentioned. See Ex parte Haponski, 395 So.2d 971, 972 (Ala.1981). The dissent reasons that by agreeing to arbitrate all employment-related disputes, the parties negated any implied agreement to submit workers' compensation claims to any other *439 form of dispute resolution. In other words, the dissent asserts that the parties' express agreement prevented the parties from impliedly adopting the terms of the Act. By this reasoning, the contract would not be ambiguous at all because there would be no implied term regarding the procedure to be used to resolve workers' compensation controversies between the parties.
However, as explained above, Alabama law provides that the terms of the Act are implied in every employment contract, express or implied. Chapman, supra. Hence, by expressly agreeing to arbitrate all employment-related disputes, the parties have not impliedly agreed to arbitrate workers' compensation claims. Even if they had made such an agreement, that implied agreement would contradict the implied agreement providing that all workers' compensation claims would be decided by other means. The maxim expressio unius est exclusio alterius does not resolve the ambiguity. Because application of this maxim does not resolve the ambiguity, the rules of contract construction provide that the agreement should be construed against the drafter, i.e., the employer, and, thus, against arbitration. In either case, the rules of contract construction lead to the conclusion that the parties did not agree to arbitrate workers' compensation claims.
In conclusion, we find that because the parties impliedly entered into a specific agreement to resolve any workers' compensation claims through the forums and procedures set out in the Act, and because the arbitration agreement does not negate that implied agreement, the trial court erred in compelling arbitration of the employee's workers' compensation claim. Therefore, we pretermit discussion of the employee's other arguments.
REVERSED AND REMANDED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
PITTMAN, J., dissents, with writing.
PITTMAN, Judge, dissenting.
In Alfa Life Insurance Corp. v. Johnson, 822 So.2d 400 (Ala.2001), the Alabama Supreme Court set forth a three-step process of contract interpretation, which may be summarized as follows: (1) a court reviewing the parties' contract initially must determine whether the contract is ambiguous and, if not, must determine the force and effect of the terms of the contract as a matter of law; (2) if the contract is found to be prima facie ambiguous, the reviewing court must employ established rules of contract construction to resolve the ambiguity; and (3) only if the application of such rules to the language appearing within the four corners of the agreement is not sufficient to resolve the ambiguity, factual issues arise, and the resolution of the ambiguity becomes a task for the trier of fact. Alfa, 822 So.2d at 404-05. Thus, "a court is to evaluate the contract on its face and apply rules of contract construction in an effort to resolve ambiguities. . . ." Vesta Fire Ins. Corp. v. Liberty Nat'l Fire Ins. Co., 893 So.2d 395, 404 (Ala.Civ.App.2003).
Here, the ambiguity asserted by the appellant and posited by the main opinion is said to arise based upon a juxtaposition of the implied acceptance by the employer and the employee of the statutes governing the rights and remedies set forth in the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975 ("the Act"), and the express provision in the parties' employment agreement stating that "any employment-related dispute, controversy or claim that Employee may have with the Company . . . shall be resolved only through arbitration and not through litigation in . . . state . . . court" *440 (some emphasis original; some emphasis added). It is my view that the main opinion, in attempting to resolve that prima facie ambiguity, has overlooked a fundamental principle of contract interpretation.
In Alabama, it is well settled that the fundamental principle of statutory construction represented by the Latin maxim expressio unius est exclusio alterius  the statement of one or more items is an implicit exclusion of other similar items  "is equally applicable in contract to construction of contract language so that specific mention of one of a class of things implies the exclusion of those items not mentioned." Ex parte Haponski, 395 So.2d 971, 972 (Ala.1981); accord Waller v. Morgan, 656 So.2d 835, 837 (Ala.Civ.App.1995), Hall v. Blan, 227 Ala. 64, 68, 148 So. 601, 603 (1933), Brasfield v. Burnwell Coal Co., 180 Ala. 185, 196, 60 So. 382, 386 (1912), and Duff v. Ivy, 3 Stew. 140 (Ala.1830). Although parties to an employment agreement may generally be said to have incorporated by implication the provisions of the Act providing for judicial remediation, no such inference can properly be drawn in this case. Here, the parties have expressly provided that any claim the employee may have against the employer that arises from the employment relationship is to be resolved in an arbitral forum, which, as a matter of law, necessarily excludes the possibility that any other forum, judicial or otherwise, may properly be invoked by the employee. Because I would apply that maxim of interpretation so as to uphold the trial court's judgment, I respectfully dissent from the main opinion.
NOTES
[1] The Act also provides that the parties may resolve a workers' compensation dispute through a benefit-review conference overseen by an ombudsman, see Ala.Code 1975, § 25-5-292, or by settlement, see Ala.Code 1975, § 25-5-56.